Wilton **RICHARDS, Jr.,** alias
**Clarence O. Banks,** Appellant,

v.

**The STATE of Texas,** Appellee.

No. 48736.

Court of Criminal Appeals of Texas.

June 26, 1974.

Rehearing Denied July 17, 1974.

Donald W. Rogers, Jr., Houston (Court-appointed on appeal), for appellant.

Carol S. Vance, Dist. Atty., James C. Brough, Andy Tobias, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ONION, Presiding Judge.

This is an appeal from a conviction for burglary with intent to commit theft wherein the punishment, enhanced under Article 62, Vernon's Ann.P.C., was assessed at twelve (12) years.

At the outset appellant challenges the sufficiency of the evidence to sustain the conviction due to the failure of the State to disprove certain exculpatory statements made as reflected by testimony of State's witnesses on direct examination.

David Frank Johnson, the complaining witness, testified that on July 30, 1972 about 3:50 p. m. he arrived at the apartment he shared with David West, his cousin, and Charlie Gilmore at 7207 Selma Street in the City of Houston. He entered the apartment and observed that some of his clothes had been removed from the

closet and placed on a chair near the door. He then observed the appellant walking down an inside hallway carrying other items of clothing belonging to him. He related the appellant immediately "told me I had him all wrong. That it wasn't what I thought, this, that, and the other." ". . . It's not what you think it is. I didn't know the stuff belonged to you." Johnson asked why the appellant was there and the appellant said he wanted to see Gilmore (the roommate) about some money he owed him. He related appellant said, "Charlie owes me $15. If he is not going to pay me, I'm going to get my money one way or another." Johnson then pointed out to the appellant that Gilmore was a small person wearing boys' size eighteen and that the clothes he had were obviously not Gilmore's. Johnson, however, asked him to "stay" to "work it out." Then Johnson quickly stepped across the hall and asked a neighbor to call the police. When he returned, appellant realized what had happened and started to leave. Johnson then hit him in the head with a wine bottle and followed him out of the apartment and threw a brick into the windshield of appellant's car, and before appellant could leave the police arrived and placed him under arrest.

Johnson testified he had seen appellant once before when he "had come up looking" for Gilmore. He related he had not given him permission to break and enter the apartment.

Gilmore was called and testified that when he got to the apartment on the afternoon in question he found the police there and his room ransacked. He related, without objection, the hearsay statement that the police told him the appellant claimed he (Gilmore) owed the appellant $25.00. This he expressly denied, though he acknowledged he was acquainted with the appel-

lant. He testified he did not give the appellant permission to break and enter the apartment.

David West was at work at the time in question, but he also testified that he did not give the appellant permission to break and enter the apartment. West related that the appellant once came by the apartment "under false pretenses," saying that Gilmore had said he (appellant) could borrow one of his (West's) albums.

All three occupants of the apartment testified that the point of entry appeared to be a window near the front door the screen of which had been removed and the window opened. Gilmore related that a connection to an antenna prevented the glass portion of the window from being closed tightly.[1]

Houston Police Officer B. Gonzales testified he made the arrest and, without objection, related that the appellant claimed one of the complainants owed him some money and that he went into the apartment to take some of the property away from one of the complainants.

The appellant did not testify or offer evidence.

Appellant obviously relies upon the rule stated in Otts v. State, 135 Tex.Cr.R. 28, 116 S.W.2d 1084 (1938); 116 A.L.R. 1454, to the effect that "[w]here the defendant does not testify in the case, and where the State in developing its case in chief introduces in connection with a confession or admission of the defendant an exculpatory statement[2] which if true would entitle him to an acquittal, the jury should be told that he is entitled to a verdict of not guilty unless such exculpatory statement has been disproved or shown to be false by other evidence in the case." See 1 Branch's Ann.P.C., 2d ed., Sec. 95, pp. 103–106.

---

1. Houston Police Officer B. Gonzales did testify that he had no idea how entry had been gained and saw no signs of a forced entry. It appears the place of entry was discovered after the police had left the scene.

2. Exculpatory is often defined as clearing or tending to clear from alleged fault or guilt. Brown v. State, 475 S.W.2d 938, 955 (Tex. Cr.App.1971), and cases there cited.

And we have only recently held that for the rule to be applicable the statement by the accused must amount to an admission plus an assertion that would exculpate the accused. Simon v. State, 488 S.W.2d 439 (Tex.Cr.App.1972); Jordan v. State, 506 S.W.2d 217 (Tex.Cr.App.1974).

To bring himself within the rule described appellant relies upon his purported statements to Johnson when first confronted in the apartment, the hearsay statement of Gilmore about what the police told Gilmore about a claimed debt, and the oral statement purportedly made to Officer Gonzales that he went into the apartment to take the clothes of one of the complainants who was indebted to him.

Only this latter statement would seem to be an admission of the offense of burglary charged, but, be that as it may, there is no assertion which would exculpate him if true. Even if Gilmore was indebted to him, this would not entitle him to commit the offense of burglary. Cf. Crawford v. State, 509 S.W.2d 582 (delivered May 15, 1974).

We cannot conclude the statements relied upon by the appellant constitute exculpatory statements within the rule discussed in Otts v. State, supra. See also Marion v. State, 387 S.W.2d 56 (Tex.Cr.App.1964); Vaughn v. State, 343 S.W.2d 705 (Tex.Cr.App.1961); Hutchins v. State, 167 Tex.Cr.R. 595, 321 S.W.2d 880 (1959).

Further, we note that the State did not rely alone upon the appellant's confession to connect him with the crime charged, but called witnesses to the alleged offenses, thus providing an exception to the rule discussed, even if it can be argued that the rule came into play in the instant case. See Fernandez v. State, 172 Tex.Cr.R. 68, 353 S.W.2d 434 (1962).

Lastly, appellant complains fundamental error by failing to charge the jury on the law of exculpatory statements made by appellant and introduced on direct examination by the State's witnesses.

First, we observe that there were no written objections to the charge nor special requested charges. See Articles 36.14 and 36.15, Vernon's Ann.C.C.P. And for the reasons set out above, concluding that the statements were not exculpatory statements, we decline to find fundamental error.

The judgment is affirmed.