Victor Ramirez GARCIA, Appellant,

v.

The STATE of Texas, Appellee.

No. 59205.

Court of Criminal Appeals of Texas, Panel No. 3.

July 2, 1980.

Rehearing Denied Oct. 15, 1980.

Richard M. Lovelace, El Paso, for appellant.

Steve W. Simmons, Dist. Atty., and Paul J. Kubinski, Asst. Dist. Atty., El Paso, Robert Huttash, State's Atty., Austin, for the State.

Before ODOM, TOM G. DAVIS and CLINTON, JJ.

## OPINION

ODOM, Judge.

This is an appeal from a conviction for murder, wherein punishment was assessed at ten years.

Appellant contends the trial court erred in refusing his "requested special instruction to the jury relating to the defense of accident." We agree and reverse.

Testifying in his own behalf, appellant related that the deceased gave him the gun as they were walking on the sidewalk and that the hammer was already pulled. When appellant told the deceased that he was going to throw the gun into the canal, the deceased suddenly grabbed appellant's right elbow with one hand and the gun with his other hand in an attempt to take the gun away from appellant. Appellant testified:

"Q. Okay. Now, at what point did the gun go off?

"A. When he pulled on the gun, tried to get it out of my hand.

\* \* \* \* \* \*

"Q. Okay. Did you have any intention or knowledge or any state of mind at all of the sort that would make you desire to harm Hector Jaimes (the deceased) in any way?

"A. No, sir."

In *Dockery v. State*, 542 S.W.2d 644 (Tex. Cr.App.), this Court wrote concerning the issue of accidental homicide:

"It is clear, . . . that a homicide may still be accidental under our new Penal Code.

"Section 6.01(a) of our new Code provides:

"'A person commits an offense only if he voluntarily engages in conduct, including an act, an omission, or possession, in violation of a statute that provides that the conduct is an offense.' V.T.C.A., Penal Code, Sec. 6.01(a).

"By enacting this section the Legislature intended to assure that persons not be criminally punished for acts, omissions, and possessions not done voluntarily. Therefore, if a homicide is not the result of voluntary conduct, it cannot be criminally punished."

The testimony summarized and quoted above was sufficient to raise an issue of fact as to the voluntariness of appellant's conduct. It is settled that an accused is entitled to an instruction on every defensive matter raised by the evidence. *Esparza v. State*, 520 S.W.2d 891 (Tex.Cr.App.). The testimony of the defendant alone is sufficient to raise the issue. *London v. State*, 547 S.W.2d 27 (Tex.Cr.App.). The failure to grant the timely filed and properly requested special instruction on accident constituted reversible error.

The judgment is reversed and the cause remanded.

Before the court en banc.

## ON DENIAL OF STATE'S MOTION FOR LEAVE TO FILE MOTION FOR REHEARING

DOUGLAS, Judge, dissenting.

The majority denies leave to file the State's motion for rehearing. On original submission, the panel reversed the conviction because the court did not instruct the jury to acquit if the homicide was the result of an accident. The 1925 penal code, Article 39, provided for the defense of accident. The present code has no such provision as the defense of accident. The majority relies upon the dictum in *Dockery v. State*,

542 S.W.2d 644 (Tex.Cr.App.1976) (a 3–to–2 decision), and V.T.C.A., Penal Code, Section 6.01(a), which provides:

"A person commits an offense only if he voluntarily engages in conduct, including an act, an omission or possession, in violation of a statute that provides that the conduct is an offense."

A charge on accident is not required by the statute, but the majority ignores it.

The requested charge is as follows:

"You are instructed that no act done by accident is an offense against the law. Therefore, if you believe from the evidence beyond a reasonable doubt that on the occasion in question the defendant, VICTOR RAMIREZ GARCIA, killed the deceased, Hector Jaimes, but you further believe from the evidence or have a reasonable doubt that the shooting was by the accidental discharge of a pistol in the hands of the defendant, or was the result of an accident while the deceased and the defendant were struggling or scuffling for possession of a pistol, then the defendant would not be guilty and should be acquitted. (Defendant specifically requests that should the Court include this Requested Jury Instruction, along with any of the foregoing Requested Jury Instructions, that this Requested Jury Instruction No. 13 be placed in the charge before such other charges dealing with culpable mental states so as not to appear to condition this Instruction on defendant's not having been mentally culpable or negligent or careless.)"

He did not request a charge on the lack of voluntariness. A trial judge would have to be clairvoyant to guess that a charge on lack of voluntariness would be necessary under the requested instruction. Articles 36.14 and 36.15, V.A.C.C.P., provide that an objection to a charge and a requested charge should be specific.

Since accident is not a statutorily designated defense, it was not error for the trial judge to deny the requested instruction submitted.