**Michael Thomas WILLIAMS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 57579.**

Court of Criminal Appeals of Texas,
En Banc.

April 7, 1982.

Charles Dickens & Kenneth Mendel, Fort Worth, for appellant.

Tim Curry, Dist. Atty., and Marvin Collins, George Mackey, Richard Davis and Candyce Howell, Asst. Dist. Attys., Fort Worth, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON STATE'S MOTION FOR REHEARING

ROBERTS, Judge.

Our prior opinion is withdrawn.

This appellant was found guilty of assault. The court assessed his punishment at a year in jail (probated) and a fine of $500. He makes seven claims of error in the court's charge to the jury, some of which must be evaluated in the factual context of the case.

The appellant and the complainant were lovers who had been living together for several months. They went in the appellant's car to a bar. After several hours at the bar they quarrelled, and the appellant left. Sometime later the appellant returned to the bar, knocked a cigarette out of the complainant's mouth (without touching her), and left again. The complainant and the bartender, who was her friend, went to a restaurant for coffee. At the complainant's request, the bartender called the appellant by telephone and asked him to come to the restaurant. The appellant arrived and demanded that the complainant leave with him. When the complainant refused, the appellant pulled a pistol from his boot and displayed it. He threw a glass of water in the complainant's face. He put the pistol back in his boot and walked away from the table. Then he returned and took the complainant by the arm. The parties presented different versions of subsequent events.

The complainant testified that the appellant "dragged" her from the restaurant and "threw" her in the car. As he drove the car, the appellant began striking her with his fists (as alleged in the information) and continued to beat her during the journey home. At the house, the appellant threw the complainant's ten year old son against a dresser, chased the complainant outside, and beat her some more.

The appellant denied beating the complainant or throwing her son against the dresser. His version of the trip home was that the intoxicated complainant repeatedly tried to grab the steering wheel or his arm while he was driving. To keep from wrecking the vehicle, he had to push the complainant away with his arm and hand. He may have struck the complainant's face in that effort. On one occasion when the complainant grabbed the steering wheel, the appellant almost lost control of the car and had to slam on the brakes to avoid hitting a telephone pole. This threw the appellant and the complainant forward; apparently the complainant's face struck the windshield or the dashboard, causing her nose to bleed.

The appellant first complains of the trial court's refusal to give the following special requested charge:

"Conduct is justified under the law of necessity if:

(1) the defendant reasonably believes the conduct is immediately necessary to avoid imminent harm;

(2) the desirability and urgency of avoiding the harm clearly outweigh, according to ordinary standards of reasonableness, the harm sought to be prevented by the law prescribing the conduct; and

(3) a legislative purpose to exclude the justification claimed for the conduct does not otherwise plainly appear.

" 'Ordinary standards of reasonableness' means the standards that would be applied by an ordinarily prudent person under the same or similar circumstances as the defendant.

"Now, therefore, if you find and believe from the evidence beyond a reasonable doubt that the Defendant, MICHAEL THOMAS WILLIAMS, on or about October 14, 1976, in the County of Tarrant, State of Texas, did then and there intentionally and knowingly strike [the complainant] as charged in the information,

but you further find and believe from the evidence or have reasonable doubt thereof that at the time the said MICHAEL THOMAS WILLIAMS did the act aforesaid, if he did, the said MICHAEL THOMAS WILLIAMS reasonably believed that such act was immediately necessary to avoid imminent harm, to wit: to prevent the said [complainant] from causing him to wreck the automobile in which they were riding, then you will acquit the Defendant and say by your verdict, not guilty."

■ This is not a perfect charge. Although the first paragraph is substantially identical to V.T.C.A., Penal Code, Section 9.22,[1] it is not proper to instruct the jury on subsection (3). The issue of a plain legislative purpose to exclude the justification is one of law, and the jury may not consider it. (At this point, we note that there is no appearance of a legislative purpose to exclude the justification of necessity in cases of assault.)

■ The second paragraph of the requested charge undertook to define "ordinary standards of reasonableness." The penal code does not define this term,[2] but it does define "reasonable belief" as "a belief that would be held by an ordinary and prudent man in the same circumstances as the actor." V.T.C.A. Penal Code, Section 1.07(a)(31). That definition is a codification of the usual definition of reasonableness. Consonant with that definition, "ordinary standards of reasonableness" may be defined as the standards that an ordinary and prudent person would apply to the circumstances that the actor faced.

1. "Conduct is justified if:
    (1) the actor reasonably believes the conduct is immediately necessary to avoid imminent harm;
    (2) the desirability and urgency of avoiding the harm clearly outweigh, according to ordinary standards of reasonableness, the harm sought to be prevented by the law prescribing [sic] the conduct; and
    (3) a legislative purpose to exclude the justification claimed for the conduct does not otherwise plainly appear." V.T.C.A., Penal Code, Section 9.22.
    The word "prescribing" in the enrolled bill is an evident typographical error; it should read as "proscribing". See State Bar of Texas, Tex-

■ The third paragraph of the requested charge does not completely apply the law to the facts. It fails to include the requirement of subsection (2) that the desirability and urgency of avoiding the harm clearly outweigh, according to ordinary standards of reasonableness, the harm sought to be prevented by the assault statute.

■ Although a specially requested charge may be defective, it still may serve to call the court's attention to the need to charge on a defensive issue. *Austin v. State*, 541 S.W.2d 162, 166 (Tex.Cr.App. 1976). In this case the requested charge was sufficient to point out the omission of a charge on necessity, and to preserve the question for our review. The remaining question is whether the defense of necessity was raised by the evidence.

The appellant's testimony that he had to strike, or push, the complainant to keep her from wrecking the vehicle was sufficient to raise the defense of necessity.

"A defendant is entitled to an affirmative defensive instruction on every issue raised by the evidence regardless of whether it is strong, feeble, unimpeached, or contradicted, and even if the trial court is of the opinion that the testimony is not entitled to belief. The defendant's testimony alone may be sufficient to raise a defensive theory requiring a charge." *Warren v. State*, 565 S.W.2d 931, 933–934 (Tex.Cr.App.1978) (citations omitted).

The trial court erred in not instructing the jury on necessity.

as Penal Code: A Proposed Revision, Sec. 9.21(2) (Final Draft 1970).

2. This term evidently derives from the term "according to ordinary standards of intelligence and morality" in N.Y. Penal Law, Sec. 35.05(2). The Texas drafters pointed out that, "Although Section 9.21 derives generally from the Illinois, New York, and Model Penal Code provisions, it also departs from them in significant detail, especially phraseology...." State Bar of Texas, Texas Penal Code: A Proposed Revision 82 (Final Draft 1970). The obvious intent was to facilitate the desired balancing of harms on a case-by-case basis. See *id.* at 83.

Some of the appellant's other claims of error in the charge will be discussed, for the same issues could arise in a new trial.

■■■ The appellant objected to the charge because it did not "contain the law and defense of accident." There is no law and defense of accident in the present penal code, and the bench and bar would be well advised to avoid the term "accident" in connection with offenses defined by the present penal code. The function of the former defense of accident is performed now by the requirement of V.T.C.A., Penal Code, Section 6.01(a), that, "A person commits an offense only if he voluntarily engages in conduct...." *Dockery v. State*, 542 S.W.2d 644, 649–650 (Tex.Cr.App.1976). If the issue is raised by the evidence, a jury may be charged that a defendant should be acquitted if there is a reasonable doubt as to whether he voluntarily engaged in the conduct of which he is accused.

■■■ Under the former penal code there was a defense of accident,[3] which properly applied to cases in which the defendant's act was not "intentional." *Stiles v. State*, 520 S.W.2d 894 (Tex.Cr.App.1975). It must be recognized that the term "intentional" had a much different meaning in the law of accident under the former penal code than it now has in the law of culpable mental states under the present penal code. *See Dockery v. State*, 542 S.W.2d 644, 649 (Tex. Cr.App.1976). In the former law of accident, the term "intentional" meant something like "voluntary."[4] Therefore, the correct meaning of the former term "accident" was that the actor did not voluntarily engage in conduct. But, "accident" was also used under the former penal code to describe a hodgepodge of defenses, including the absence of a culpable mental state, conduct which was voluntary but that differed from the intended conduct, mistake of fact, and an unexpected result. *See Dockery v. State*, 542 S.W.2d 644, 650 (Tex.Cr. App.1976) (Odom, J., dissenting). It is understandable that the drafters of the present penal code rejected a term which had so many meanings in law, as well as in popular usage, that it served to confuse issues rather than to clarify them.

■■■ In this case, there was no evidence that the appellant did not voluntarily engage in the conduct which injured the complainant; he merely said that he did not intend the resulting injuries. The trial court was correct in overruling his objection to the absence of a charge on "the law of accident."

■■■ In another ground of error the appellant complains of the trial court's "failure to instruct the jury on intent to injure." His argument is one of analogy to the law that applied to the offense of assault with intent to murder (Article 1160 of the former penal code). The rule was that a defendant was entitled to an affirmative submission of his theory that he did not intend to kill (if the theory was raised by sufficient evidence). *Hall v. State*, 402 S.W.2d 752 (Tex.Cr.App.1966). The analogy is defective because the offense of assault with intent to murder required an intent to kill, while assault does not require an intent to injure. Assault may be committed intentionally, but it also may be committed by knowingly or recklessly causing bodily injury to another. V.T.C.A., Penal Code, Section 22.01(a)(1). This appel-

---

3. "No act done by accident is an offense, except in certain cases specially provided for where there has been a degree of carelessness or negligence which the law regards as criminal." V.A.P.C. art. 39. Also see V.A.C.P. art. 1228 ("Excusable homicide"). These articles were repealed in the enactment of the present penal code. 1973 Tex.Gen.L. ch. 399, sec. 3.

4. A comparison of the law of negligent homicide under the two codes illustrates the different meanings of "intentional." Under the former code the rule was that "negligent homicide may only result from an intentional act." *Stiles v. State*, 520 S.W.2d 894, 896 (Tex.Cr. App.1975). This was (and is) a correct statement if "intentional" means "voluntary," but not if "intentional" carries the meaning now given by V.T.C.A., Penal Code, Sec. 6.03(a): "conscious objective or desire." *See Dockery v. State*, 542 S.W.2d 644, 650 n. 2 (Tex.Cr.App. 1976). *But see Plunkett v. State*, 580 S.W.2d 815, 823 (Tex.Cr.App.1979) (reaching correct result, but relying on authority and terminology which were overruled in *Dockery*).

lant was charged with intentionally *and knowingly* causing bodily injury. That he had no intent to injure would not have been a defense. It was not error to overrule his objection.

 The appellant assigns as error the trial court's refusal of his requested charge on causation in the language of V.T.C.A., Penal Code, Section 6.04(a):

"A person is criminally responsible if the result would not have occurred but for his conduct, operating either alone or concurrently with another cause, unless the concurrent cause was clearly sufficient to produce the result and the conduct of the actor clearly insufficient."

It is not clear to us how the evidence raised the issue of a concurrent cause. In his brief, the appellant says that his theory of the case was that the complainant's injuries were caused *solely* by her being thrown against the dashboard; the State's theory was that the injuries were caused solely by the appellant beating the complainant. These theories present alternative, not concurrent, causes. The trial court charged the jury:

"You are further instructed that if you find or have a reasonable doubt thereof that the injuries to the [complainant], if any, were caused by her face striking the dashboard of an automobile, if it did, then you must find the defendant, Michael Thomas Williams, not guilty of assault with bodily injury."

This charge fairly presented the appellant's defensive theory. On the record now before us, it was not error to refuse the requested charge.

The State's motion is overruled and the judgment is reversed and the cause remanded.