Joe COIT, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 05–81–00393–CR.

Court of Appeals of Texas, Dallas.

March 1, 1982.

Douglas Parks, Dallas, for appellant.

R. Kristin Weaver, Asst. Dist. Atty., Dallas, for appellee.

Before TED Z. ROBERTSON, STEPHENS and VANCE, JJ.

STEPHENS, Justice.

Joe Coit, Jr. was tried and convicted by a jury of the offense of murder, and his penalty was assessed at confinement in the Texas Department of Corrections for a period of thirty years. Appellant presents four grounds of error in this appeal. He contends that he should have been granted his timely request for a charge on the law of voluntary manslaughter, aggravated assault, and involuntary manslaughter, and that the jury charge is fundamentally defective by its omission of an essential element of the indictment. We agree that failure to charge on the law of aggravated assault, under the facts of this case, constitutes reversible error; consequently, we reverse and remand.

The record reveals that appellant and his wife had been separated several times during their marriage. Prior to the incident, appellant had been living in an apartment and caring for the five children of the marriage. A short time before the incident, appellant's wife, the decedent, moved in with appellant and the children. On the evening in question, appellant and decedent argued and a fight ensued. The record reveals that the couple had fought before during their marriage. Appellant testified that a short time after the fight ended, the deceased became faint and appeared to lapse into unconsciousness. At this time he went to a nearby apartment and called an ambulance. The ambulance carried the victim to the hospital where she later died.

Appellant repeatedly testified that although the deceased attacked him and attempted to bite him on the chest, he was not afraid of her and received no injuries in the fight. There was some evidence that the deceased accused him, in front of their children, of illicit relations with other women in the apartment building. There was also testimony as to family financial problems. Appellant repeatedly testified that he did not intend to kill her or cause serious bodily injury, and that if he had believed that the injuries which he inflicted would have killed her, he would not have fought with her.

■ We overrule appellant's first ground of error complaining that the jury should have been charged on the law of voluntary manslaughter as a lesser included offense. We conclude that there is no evidence in the record that appellant engaged in the altercation as a result of his being under the immediate influence of sudden passion arising from an adequate cause.

■ We overrule appellant's ground of error complaining that the court should have charged the jury on the law of involuntary manslaughter, because we also conclude that the evidence failed to show that his acts were reckless, as that term is contemplated.

■ Appellant contends that the charge was fundamentally defective because the portion of the charge which applies the law to the facts does not define "an act clearly dangerous to human life." We conclude that the charge, when read as a whole, includes all of the essential elements required for conviction under Article 19.02(a)(2), Tex.Penal Code, and that no fundamental error exists. *Parker v. State*, 594 S.W.2d 419 (Tex.Cr.App.1980). Furthermore, appellant having failed to object to the charge or to request a definition, has waived all but fundamental error. *Jackson v. State*, 591 S.W.2d 820 (Tex.Cr.App.1979).

■ Finally, we address appellant's contention that the trial court erred in refusing his requested charge on the law of aggravated assault. He alleges the charge was raised by the evidence and, thus, required in accordance with *Simpkins v. State*, 590 S.W.2d 129 (Tex.Cr.App.1979). Appellant

was indicted under Tex.Penal Code Ann. § 19.02(a)(2) which provides that a person commits the offense of murder if he "intends to cause serious bodily injury and commits an act clearly dangerous to human life that causes the death of an individual." Tex.Code Crim.Pro.Ann. art. 37.09 (Vernon 1981) defines an offense as a lesser included offense if: (1) it is established by proof of the same or less than all the facts required to establish the commission of the offense charged; (2) it differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest suffices to establish its commission; (3) it differs from the offense charged only in the respect that a less culpable mental state suffices to establish its commission; or (4) it consists of an attempt to commit the offense charged or an otherwise included offense. Tex.Penal Code Ann. § 22.01 (Vernon Supp.1981) provides that a person commits the offense of assault if he "intentionally, knowingly, or recklessly causes bodily injury to another, including his spouse." Tex.Penal Code Ann. § 22.02(a)(1) (Vernon Supp.1981) provides that aggravated assault results when a person commits an assault and he "causes serious bodily injury to another, including his spouse." A comparison of the relevant Penal Code sections reveals that both murder and aggravated assault contain the element of intent to cause serious bodily injury. *See Boney v. State,* 572 S.W.2d 529 (Tex.Cr.App.1978). Death is included in the definition of serious bodily injury. Tex.Penal Code Ann. § 1.07(a)(34) (Vernon 1974). Aggravated assault differs from murder under § 19.02(a)(2) in that it does not require proof that the act committed was "clearly dangerous to human life" and "causes the death of an individual." We conclude that the elements of aggravated assault could be established by proof of less than all the facts required to establish the offense of murder under § 19.02(a)(2). Consequently, we hold that aggravated assault is a lesser included offense of murder under § 19.02(a)(2) in accordance with Tex. Code Crim.Pro.Ann. art. 37.09(1) (Vernon 1981).

In determining whether the charge on aggravated assault should have been given, we must review the evidence. When evidence from any source raises a defensive issue or an issue of a lesser included offense, and the charge is properly requested, the charge on that issue must be submitted to the jury. *Simpkins v. State, supra; Day v. State,* 532 S.W.2d 302 (Tex.Cr.App.1975). In the present case, appellant denied that he intended to cause his wife serious bodily injury. However, the medical examiner who performed the autopsy testified that the decedent sustained six blows to the head and twelve to twenty blows to the lower part of her body. In his opinion, any one of the blows to the head was of sufficient force to cause death, although death probably resulted from their cumulative effect. Consequently, there was evidence from which the jury could infer the intent to cause serious bodily injury. *See* Tex.Penal Code Ann. § 6.03(a) (Vernon 1974); *Romo v. State,* 593 S.W.2d 690 (Tex.Cr.App. 1980); *Davis v. State,* 516 S.W.2d 157 (Tex. Cr.App.1974).

Additionally, there must have been evidence that appellant's acts were not "clearly dangerous to human life," as required to establish the offense of murder under § 19.02(a)(2). Although there was testimony from the medical examiner that the injuries observed were clearly dangerous to human life, appellant testified that he and his wife had fought on and off during the twelve years of their marriage, and that he had blackened her eyes on more than one occasion. He testified also that he would not have fought with her on the evening of her death had he felt there was a risk he could kill her. Furthermore, the decedent's injuries were inflicted without the use of a deadly weapon per se. Although the offense of murder under § 19.-02(a)(2) of the Texas Penal Code does not require an intent to kill, we note by way of analogy the rule that aggravated assault is deemed to be raised in a murder case when the instrument with which the murder is committed is not a deadly weapon per se, or one which in the manner of its use is not

ordinarily calculated to produce death, and when, in addition thereto, the evidence raises the issue of a lack of intent to kill. *Matheson v. State,* 508 S.W.2d 77 (Tex.Cr. App.1974); *Moree v. State,* 147 Tex.Cr.R. 564, 183 S.W.2d 166 (1944). Despite the fact the rule is obviously directed toward homicide prosecutions in which intent to kill is an element, we see no reason why it is not applicable to the present case as well. Appellant's wife died as a result of a beating, inflicted by means not ordinarily calculated to produce death. Consequently, there was evidence that appellant's actions were not "clearly dangerous to human life." For the reasons stated, appellant was entitled to a charge on aggravated assault. Failure to submit the charge constituted reversible error. *Matheson v. State, supra.*

Reversed and remanded.