**Alton Lee DANIELS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 441–82.**

Court of Criminal Appeals of Texas, En Banc.

Feb. 16, 1983.

---

**460**

Lennox C. Bower, Dallas, for appellant.

Henry Wade, Dist. Atty. and Gilbert P. Howard, Asst. Dist. Atty., Dallas, Robert Huttash, State's Atty. and Alfred Walker, Asst. State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

CLINTON, Judge.

In an unpublished per curiam opinion the Dallas Court of Appeals reversed the judgment of conviction for murder and remanded the cause for a new trial. Its reason:

"Because appellant testified that the deceased threatened to kill him and reached into his back pocket for what appellant thought was a gun, and appellant feared for his life, appellant was entitled to a charge on voluntary manslaughter. *Medlock v. State,* 591 S.W.2d 485 (Tex.Crim. App.1979); *Roberts v. State,* 590 S.W.2d 498 (Tex.Crim.App.1979)."

Since the trial court had charged the jury on the law of self-defense, we granted the State's petition for discretionary review to analyze the conclusion of the Court of Appeals in light of the rule reiterated in *Luck v. State,* 588 S.W.2d 371 (Tex.Cr.App.1979): The fact that the evidence raises the issue of and the court charges on the law of selfdefense does not entitle an objecting accused to a charge on voluntary manslaughter unless there is evidence that the killing occurred under the immediate influence of sudden passion arising from an adequate cause. *Luck v. State,* supra, at 374–375; V.T.C.A. Penal Code, § 19.04.

Unlike *Luck,* wherein the accused never indicated "that he was in fear of the deceased," *id.,* at 374, after confirming that he pulled the trigger of a shotgun pointed at the head of the deceased "based on the fact that he had threatened to kill you at that time," appellant did testify finally on redirect examination by his attorney as follows:

"Q: Mr. Daniels, were you afraid that [the deceased] was going to kill you?

A: Yes."

However, we regard the observation in *Luck* as a factual one rather than a statement of legal reasoning, since an accused—though otherwise clearly entitled to a charge of selfdefense—does not necessarily raise the issue of voluntary manslaughter merely by indicating that at the moment of taking action to defend himself he was fearful of his attacker. In such circumstances a bare claim of "fear" does not demonstrate "sudden passion arising from adequate cause."

On the other hand, "fear" that rises to the level of "terror" may constitute sudden passion when its cause is such that would commonly produce a degree of terror "sufficient to render the mind incapable of cool reflection," § 19.04(c); e.g., *Medlock v. State,* 591 S.W.2d 485 (Tex.Cr.App.1979).

In the instant case the redirect testimony quoted above was followed by this exchange on recross examination:

"Q: Mr. Daniels, at the time you shot [the deceased], you knew you had to kill him, didn't you?

A: Did I know? If not it would have been me.

\*  \*  \*  \*  \*  \*

Q: It wasn't like you couldn't control yourself, you were in full control and you knew you had to do what you did?

A: Yes."

Manifestly, appellant's own appraisal of his situation reveals that he had reflected on it, knew what he had to do and did it. See, e.g., *Hobson v. State,* 644 S.W.2d 473 (Tex. Cr.App.1983). The trial court did not err in refusing to charge on voluntary manslaughter.

 

Accordingly, the judgment of the Court of Appeals is reversed and the cause remanded to it for consideration and determination of other grounds of error raised by appellant in that court but not disposed of by it.