Sherman **JOINER**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 04–83–00487–CR.

Court of Appeals of Texas,
San Antonio.

May 31, 1985.

Rehearing Denied July 29, 1985.

Richard Langlois, Jr., San Antonio, for appellant.

Margaret M. Embry, Asst. Dist. Atty., San Antonio, for appellee.

Before CADENA, C.J., and BUTTS and REEVES, JJ.

## OPINION

REEVES, Justice.

Appellant was convicted of the offense of murder. His punishment was assessed by the court at confinement in the Texas Department of Corrections for twenty years.

The homicide took place at McDuff's nightclub in San Antonio, on April 8, 1983. The State's primary witness to the events that occurred that night was Sandra Dixon. She narrated that while she and the decedent, Edith Elaine Smith, also known as Lanie, were having a drink at the bar appellant walked up and engaged Lanie in conversation. Sandra could not hear the contents of the conversation which terminated a short time later when appellant left them to play pool in another part of the nightclub.

Approximately an hour later, Sandra and Lanie left the bar to go to the restroom. Somewhere along the way they became separated and Sandra entered the restroom by herself. A short time later she heard someone yanking on the door of the restroom; she unlocked it and Lanie entered the restroom with appellant following. According to Sandra, the appellant seemed angry; he asked, "Bitch, where is my money?" Lanie replied that she "didn't owe him no money, that he wasn't none of her man." The appellant then hit the decedent in the jaw with his fist causing her to fall on the side of the commode. Lanie got up and, in Sandra's words, "bucked" appellant, telling him she was not scared of him. Sandra testified as follows:

Q: When you say she bucked him, could you tell the jury what you mean by that?

A: She just stood up to him and told him she wasn't scared of him.

Q: Okay. Came up close to him and butted him?

A: Uh-huh—

Q: Okay. After Lanie bucked Mr. Joiner, what, if anything, did Mr. Joiner do?

A: He said, 'Bitch, don't make me kill you." And he said it again, he said, 'Bitch, you are going to make me kill you.'—

Q: How close are Mr. Joiner and Lanie standing at this point, Ms. Dixon?

A: They was touching, that is when she bucked him, you know, she was up to his chest.

Q: Okay. What is the next thing that happened, if you remember?

A: He pulled out a gun and shot her—

Q: All right. Where did he pull the gun from?

A: From inside of his jacket—

Q: All right, what, if anything, happened, or what, if anything was said, after the one shot rang out?

A: Sherman called Lanie and said, 'Lanie'. Then he said, 'Oh my God, I done killed her.' And he looked at me and said, 'It was an accident.'

Appellant then left the restroom.

Appellant brings forth three grounds of error: Failure by the trial court to include within the charge to the jury an instruction on the law of exculpatory statement; failure of the trial court to submit a requested instruction whether the shooting of the gun was voluntary or involuntary conduct; and failure of the trial court to submit the charge on the lesser included offense of voluntary manslaughter.

## THE EXCULPATORY STATEMENT

■ Generally speaking, when the State introduces an exculpatory statement of a defendant, it is incumbent upon the trial court, on request, to instruct the jury that the exculpatory statement is regarded as true unless disproved. *Coleman v. State,* 643 S.W.2d 947, 951 (Tex.Crim. App.1982); *Palafox v. State,* 608 S.W.2d 177, 181 (Tex.Crim.App.1979). There are several exceptions to this general rule of law. One exception is where the State does not rely solely on the statement of the accused to prove its case in chief. *Richards v. State,* 511 S.W.2d 5, 7 (Tex.Crim.App.1974); *Fernandez v. State,* 172 Tex.Cr.R. 68, 353 S.W.2d 434, 436 (1962). The State did not rely solely on appellant's statement, "Oh my God, I done killed her. It was an accident." The State proved its case against the appellant through the eyewitness testi-

mony of Sandra Dixon, who saw appellant take the gun from under his coat and shoot the decedent. Appellant's first ground of error is overruled.

## THE VOLUNTARINESS OF APPELLANT'S ACT

The appellant requested the following instructions which the trial court refused to submit:

You are instructed that a person commits an offense only if he voluntarily engages in conduct, including an act, an omission, or possession. Conduct is not rendered involuntarily merely because the person did not intend the results of his conduct. Therefore, if you believe from the evidence beyond a reasonable doubt that on the occasion in question the defendant, Sherman Joiner, did cause the death of Edith E. Smith, by shooting her with a gun, as alleged in the indictment, but you further believe from the evidence or you have a reasonable doubt thereof, that the shooting was the result of an accidental discharge of the gun while Edith E. Smith and defendant was [sic] struggling or scuffling and was not the voluntary act or conduct of the defendant, you will acquit the defendant and say by your verdict not guilty.

TEX.PENAL CODE ANN. § 6.01(a) (Vernon Supp.1985) provides that a person commits *an offense only if the person voluntarily engages in conduct, including an act, an omission, or possession.*

■ The appellant's testimony that the killing was an accident was sufficient to raise the defense of voluntariness of the shooting.

A defendant is entitled to an affirmative defense instruction on every issue raised by the evidence regardless of whether it is strong, feeble, unimpeached, or contradicted, and even if the trial court is of the opinion that the testimony is not entitled to belief. [Citations omitted.] The defendant's testimony alone may be sufficient to raise a defensive theory requiring a charge.

*Warren v. State,* 565 S.W.2d 931, 933–34 (Tex.Crim.App.1978) (citations omitted). There is no law and defense of accident in the present Penal Code. However, if the issue is raised by the evidence, a jury may be charged that a defendant should be acquitted if there is a reasonable doubt as to whether he voluntarily engaged in the conduct of which he is accused. *Schoelman v. State,* 644 S.W.2d 727, f.n. 16, 732 (Tex.Crim.App.1983); *Williams v. State,* 630 S.W.2d 640, 644 (Tex.Crim.App.1982); *Garcia v. State,* 605 S.W.2d 565 (Tex.Crim.App.1980).

The failure to grant the requested instruction as to the voluntary conduct of the appellant constituted reversible error.

## VOLUNTARY MANSLAUGHTER

■ Appellant was charged with murder under TEX.PENAL CODE ANN. § 19.-02(a)(1) (Vernon 1974) which provides:

(a) A person commits an offense if he:

(1) intentionally or knowingly causes the death of an individual; . . . .

Section 19.04, Voluntary Manslaughter, provides in relevant part:

(a) A person commits an offense if he causes the death of an individual under circumstances that would constitute murder under section 19.02 of this Code, except that he caused the death under the immediate influence of sudden passion arising from an adequate cause.

If the evidence raises the issue of voluntary manslaughter, the charge, if requested, must be submitted to the jury. *Moore v. State,* 574 S.W.2d 122, 124 (Tex.Crim.App.1978); *Braudrick v. State,* 572 S.W.2d 709, 710 (Tex.Crim.App.1978). Therefore, the charge on voluntary manslaughter is mandatory when some evidence has raised the issue that the defendant acted under the immediate influence of sudden passion arising from adequate cause. *Schoelman v. State,* 644 S.W.2d 727, 733 (Tex.Crim.App.1983).

The appellant properly excepted to the court's charge in his failure to include a charge on voluntary manslaughter and we will, therefore, now review the evidence presented at the trial.

As related earlier, Sandra Dixon testified that there was no violence or physical contact between Lanie and the appellant as they conversed at the bar. The appellant accosted Lanie in the restroom. There is no evidence in Sandra's testimony of actions by Lanie which would constitute adequate cause.

The only other witness that testified to an occurrence between appellant and Lanie was the proprietor, Joseph McDuffy. McDuffy testified that about an hour before the shooting appellant and Lanie were involved in a "slight argument." He stated that he could ascertain that the appellant was angry, but was of the opinion that they were not causing a disturbance and did nothing to break up the argument.

■ There is, in our opinion, no evidence presented to show sudden passion from adequate cause. The appellant was not entitled to a charge on voluntary manslaughter. *Daniels v. State,* 645 S.W.2d 459 (Tex.Crim.App.1983); *Coit v. State,* 629 S.W.2d 263, 264 (Tex.App.—Dallas 1982, pet. ref'd).

The judgment of the trial court is reversed and the cause remanded.

BUTTS, Justice, dissenting.

This is an appeal from a conviction for murder. TEX.PENAL CODE ANN. § 19.-02(a)(1) (Vernon 1974).

Appellant's three grounds of error challenge denial of jury charges on an exculpatory statement, on want of voluntary conduct (accident), and on voluntary manslaughter.

The evidence is not disputed that appellant shot the deceased, Edith Elaine Smith, a twenty-year-old, in the women's restroom at McDuff's, a pool hall-bar in San Antonio, around 1:30 a.m. on April 9, 1983. Sandra Dixon, a friend of the deceased, and who was the eye-witness to the shooting, recounted the events. She and "Lanie" had a drink at the bar and headed for the rest-

room. She had seen Lanie and appellant talking earlier, and appellant appeared very angry.

Sandra entered the restroom alone. Soon Lanie yanked on the locked door. Sandra unlocked it and appellant followed Lanie into the room, demonstrating anger. He locked the door. He asked, "Bitch, where is my money?" When Lanie replied she "didn't owe him no money, he wasn't none of her man," he struck her on the jaw with his fist, causing her to fall down by the commode. Sandra said that the deceased arose and "bucked" appellant, meaning she was not "scared" of him. The following questions by the State and answers appear in the record:

Q: After Lanie bucked Mr. Joiner, what ... did Mr. Joiner do?

A: He said, 'Bitch, don't make me kill you.' ... 'Bitch, you are going to make me kill you.'

Q: How close are [they] standing ...?

A: They was touching, that is when she bucked him, you know, she was up to his chest.

Q: ... What is the next thing that happened ...?

A: He pulled out a gun and shot her ...

Q: ... Where did he pull the gun from?

A: From inside of his jacket ...

Q: All right, what ... happened, or what, if anything, was said, after the one shot rang out?

A: Sherman called Lanie and said, 'Lanie.' Then he said, 'Oh my God, I done killed her.' And he looked at me and said, 'It was an accident.'

Appellant exited the restroom hurriedly after placing the gun in his belt and left the bar. He was seen by other witnesses who identified him and stated he was straightening his clothes as he left. The medical examiner for Bexar County stated that the bullet entered the deceased's eye, traveled upward through her brain and exited her skull in the back. Appellant did not testify.

Appellant contends that his statement, "Oh my God, I done killed her," then to Sandra, "It was an accident," was an admission with an exculpatory statement requiring an instruction to the jury. Generally, when the State introduces a statement of the nontestifying accused which exculpates him, and does not directly or indirectly disprove the statement, the accused is entitled to an acquittal. *Palafox v. State*, 608 S.W.2d 177, 181 (Tex.Crim.App.1979). Stated another way, the State is bound thereby unless the other testimony demonstrates the falsity of such statement. *Id.* (Citations omitted).

Here appellant admitted doing the act (killing) which is the gravamen of the offense and made a statement now alleged to be exculpatory. He argues this invokes the general rule of *Palafox* and the cases cited therein. There are exceptions to the general rule.

Where the State does not rely alone on the statement to prove its case, the accused is not entitled to an instruction. *Richards v. State*, 511 S.W.2d 5, 7 (Tex.Crim.App. 1974). This is an exception to the application of the general rule. *Id. Accord: Cannon v. State*, 691 S.W.2d 664 (Tex. Crim.App.1985). The State did not rely solely upon the admission of appellant in this case; rather, the testimony of Sandra relating the sequence of events leading to the shooting, and the shooting itself, provided the proof needed. The evidence of appellant's hasty departure, meanwhile placing his gun in his belt, provided further inculpating proof. I agree the trial court was not required to submit the requested instruction. The first ground of error was properly overruled.

Appellant requested an instruction on his lack of voluntary conduct. He relies upon the dictate of *Schoelman v. State*, 644 S.W.2d 727, 732 f.n. 16 (Tex.Crim.App. 1983), that the Penal Code eliminated the former defense of "accident," substituting instead, want of "voluntary conduct."

TEX.PENAL CODE ANN. § 6.01(a) provides that a person commits an offense only if the person voluntarily engages in conduct, including an act, an omission, or

possession. The Texas law is plain that a physical or non-physical (omission) act or possession, that is, a voluntary act and a culpable mental state must concur for a crime to be committed.

In this case appellant requested a jury charge on want of voluntary conduct based upon his bare statement to Sandra that the shooting was an accident. In *Garcia v. State*, 605 S.W.2d 565 (Tex.Crim.App.1980) there was evidence that the deceased grabbed the defendant's elbow with one hand and the loaded gun with the other, trying to take the gun away from the defendant, and the gun discharged. That court held the testimony raised an issue of fact as to the voluntariness of the defendant's conduct, and he was entitled to a jury charge on the defensive matter. *Id.* at 566, citing *Dockery v. State*, 542 S.W.2d 644, 649–50 (Tex.Crim.App.1976). In the present case there was absolutely no evidence introduced which raised the issue of "accident."

The case before this court is like *Williams v. State*, 630 S.W.2d 640, 644 (Tex. Crim.App.1982), wherein it was held there was no necessity for a jury charge on "accident." The court wrote:

> In this case there was no evidence that the appellant did not voluntarily engage in the conduct which injured the complainant; *he merely said that he did not intend the resulting injuries.* The trial court was correct in overruling the objection to the absence of a charge on 'the law of accident.' [Emphasis added.]

Even if we assume as true in this case the unintended but fatal discharge of the gun pointed unlawfully at the deceased, the fact remains the intentional pointing of the weapon was a voluntary act and the resulting death is imputable to the appellant, who carried the gun concealed on his person, who drew the gun, who pointed it at the deceased from two to three inches distance, and who shot her in the face. There was no evidence of a scuffle, of the deceased's striking him or the gun, or of any other movement not willed by appellant. This is clearly voluntary conduct as con-templated by the statute, *supra*. Appellant does not present a challenge to the other component of the offense: the culpable mental state.

Examination of the record shows there was no evidence to raise the issue that appellant did not engage in the conduct which fatally injured the deceased. He made the *bare statement* to Sandra, but without any evidence the statement alone does not show want of voluntary conduct. *Williams v. State, supra.* It has always been the Texas law that some evidence must raise the issue before a jury instruction is required. A bare statement will not suffice. The trial court correctly denied the requested jury charge. Ground of error two should be overruled.

Appellant next asserts that a jury charge on voluntary manslaughter should have been submitted. He objected to its exclusion by the trial court, thereby preserving any error for appeal. TEX.PENAL CODE ANN. § 19.04 (Vernon 1974) provides in relevant part:

> (a) A person commits an offense if he causes the death of an individual under circumstances that would constitute murder under section 19.02 of this Code, except that he caused the death under the immediate influence of sudden passion arising from an adequate cause.

The charge of voluntary manslaughter is mandatory only when there is evidence that the defendant acted under the immediate influence of sudden passion arising from adequate cause. *Schoelman v. State, supra*, at 733 (citations omitted). In this case, although there was evidence that appellant argued with the deceased at the bar, the bartender-manager stated there was no violent disturbance, that it was a "slight argument." No one saw the deceased strike appellant. The evidence from Sandra indicated it was the appellant who forced his way into the women's restroom behind the deceased, that he was very angry ("all puffed up"), that he called the deceased names and struck her with his fist. Although appellant may have dis-

**74**

played rage, anger, and resentment, there is no evidence of actions by the deceased which would have placed him under the immediate influence of sudden passion arising from an adequate cause.

The evidence in this case does not show entitlement to a jury charge on voluntary manslaughter. *Daniels v. State*, 645 S.W.2d 459, 460 (Tex.Crim.App.1983); *Bravo v. State*, 627 S.W.2d 152, 157 (Tex.Crim. App.1982); *Cerda v. State*, 557 S.W.2d 954, 958 (Tex.Crim.App.1977). Therefore, the trial court properly refused to submit the charge. The ground of error was properly overruled.

SUMMARY OF DISSENT

The law in Texas has never been that a mere statement alone will raise an issue in evidence under these circumstances. In those cases which have required a jury charge on "accident" in the past, there was some testimony presented to put the issue before the jury. I certainly agree with the majority that the defendant is always entitled to a jury charge on any defensive issue *raised by the evidence.* In this case the appellant had the burden of producing evidence of the defensive issue of involuntary conduct by him. A charge on a defensive theory is only required when evidence raises that issue. *Lopez v. State*, 574 S.W.2d 563, 565 (Tex.Crim.App.1978). A bare statement, "It was an accident," is not evidence. *Williams v. State, supra*, at 644.

The trial court correctly denied the requested instruction. For these reasons, I respectfully dissent.