**Sherman JOINER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 945-85.**

Court of Criminal Appeals of Texas, En Banc.

March 4, 1987.

Richard E. Langlois, court appointed on appeal only, San Antonio, for appellant.

Sam D. Millsap, Jr., Dist. Atty., and Eduardo Garcia, Sid Harle, Margaret M. Embry & Barbara Hervey, Asst. Dist. Attys., San Antonio, Robert Huttash, State's Atty., Austin, for the State.

OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

WHITE, Judge.

A jury convicted appellant of murder, and the trial court assessed punishment at twenty years' confinement in the Texas Department of Corrections. Appellant appealed his conviction to the Fourth Court of Appeals, which reversed in a published

opinion. *Joiner v. State*, 696 S.W.2d 68 (Tex.App.—San Antonio 1985).

We granted the State's petition for discretionary review to consider one ground for review. The State contends the Court of Appeals erroneously held that the trial court erred by failing to charge the jury on the issue of appellant's voluntary conduct. Because the Court of Appeals seemed to have decided an important question of state law in conflict with prior decisions of this Court, we granted review. Tex.Cr.App. Rule 302(c)(3); now Tex.R.App.Pro. Rule 200(c)(3).

Neither the material facts nor sufficiency of evidence to support the conviction is disputed. Accordingly, we set out the facts practically as found by the Court of Appeals.

The homicide took place at McDuff's nightclub in San Antonio on April 9, 1983. The State's primary witness to the events that occurred that night was Sandra Dixon. She narrated that while she and the decedent, Edith Elaine Smith (also known as Lanie), were having a drink at the bar, appellant walked up and engaged Lanie in conversation. Sandra could not hear the nature of the conversation, which terminated a short time later when appellant left them to play pool in another part of the nightclub.

Approximately an hour later Sandra and Lanie left the bar to go to the restroom. Somewhere along the way they became separated, and Sandra entered the restroom by herself. A short time later she heard someone yanking on the door of the restroom; she unlocked it, and Lanie entered the restroom with appellant following. According to Sandra, appellant seemed angry; he demanded of Lanie, "Bitch, where is my money?" Lanie replied that she "didn't owe him no money, that he wasn't none of her man." Appellant then hit the decedent in the jaw with his fist, causing her to fall on the side of the commode. Lanie got up and "bucked" appellant, telling him she was not afraid of him. Sandra testified as follows:

"Q: When you say she bucked him, can you tell the jury what you mean by that?

"A. She just stood up to him and told him she wasn't scared of him.

"Q. Okay. Came up close to him and butted him?

"A. Uh-huh.

\* \* \* \* \* \*

"Q: Okay. After Lanie bucked Mr. Joiner, what, if anything, did Mr. Joiner do?

"A. He said, 'Bitch, don't make me kill you.' And he said it again, he said, 'Bitch, you are going to make me kill you.'

\* \* \* \* \* \*

"Q. How close are Mr. Joiner and Lanie standing at this point, Ms. Dixon?

"A. They was [sic] touching, that is when she bucked him, you know, she was up to his chest.

"Q. Okay. What is the next thing that happened, if you remember?

"A: He pulled out a gun and shot her.

\* \* \* \* \* \*

"Q. All right. Where did he pull the gun from?

"A. From inside of his jacket.

\* \* \* \* \* \*

"Q. All right, what, if anything, happened, or what, if anything was said, after the one shot rang out?

"A. Sherman called to Lanie and said, 'Lanie'. Then he said, 'Oh, my God, I done killed her.' And he looked at me and said, 'It was an accident.'"

Appellant then left the restroom.

As the Court of Appeals noted, the former concept of "accident" is now partly performed by the requirement of V.T.C.A., Penal Code Sec. 6.01(a) that "[a] person commits an offense only if he voluntarily engages in conduct...." *Williams v. State*, 630 S.W.2d 640, 644 (Tex.Cr.App.

1982); *Dockery v. State,* 542 S.W.2d 644, 649–50 (Tex.Cr.App.1976). At trial, appellant requested that the court's charge include an instruction on the absence of voluntary conduct.[1] The trial court denied appellant's request.

The Court of Appeals summarily concluded "appellant's testimony [sic][2] that the killing was an accident was sufficient to raise the defense of voluntariness of the shooting." *Joiner,* supra, at 70. Relying partly on *Williams,* supra, the Court of Appeals went on to hold that failure to grant the requested instruction was reversible error. *Joiner,* supra, at 71.[3]

In its brief on petition for discretionary review, the State relies on *George v. State,* 681 S.W.2d 43 (Tex.Cr.App.1984) and *Williams,* supra.[4] Appellant, however, argues that the two cases should be distinguished from the instant case.[5]

In *George,* supra, the defendant testified that after his companion refused to give him a dollar bill, he pointed a revolver at him and cocked the hammer short of its locked position. When the victim turned his head, the gun "went off." *Id.* at 44. We construed the relevant statutory provisions to mean that a person "voluntarily engages in conduct when the conduct *includes, inter alia,* a voluntary act and its accompanying mental state. That such conduct also includes an involuntary act does not necessarily render engaging in that conduct involuntary." [footnote omitted] (emphasis in original). *Id.* at 45. We concluded that the defendant "voluntarily engaged in conduct up to that very second when … 'the hammer slipped off [his] thumb.'" *Id.* at 46. Moreover, his conduct was not rendered involuntary merely because he did not intend the result of his

---

1. Appellant requested the following instruction: "You are instructed that a person commits an offense only if he voluntarily engages in conduct, including an act, an omission, or possession. Conduct is not rendered involuntary merely because the person did not intend the results of his conduct. Therefore, if you believe from the evidence beyond a reasonable doubt that on the occasion in question the defendant, Sherman Joiner, did cause the death of Edith E. Smith, by shooting her with a gun, as alleged in the indictment, but you further believe from the evidence, or you have a reasonable doubt thereof, that the shooting was the result of an accidental discharge of the gun while Edith E. Smith and the defendant were struggling or scuffling and was not the voluntary act or conduct of the defendant, you will acquit the defendant and say by your verdict not guilty."

2. Appellant did not testify at trial.

3. In *Williams,* supra, this Court said in dictum: "If the issue is raised by the evidence, a jury *may* be charged that a defendant should be acquitted if there is a reasonable doubt as to whether he voluntarily engaged in the conduct of which he is accused." (emphasis added). This statement was questioned in our opinion in *George v. State,* 681 S.W.2d 43, 46 n. 6 (Tex.Cr.App.1984). In one sense, the question whether the *Williams* statement is correct is before us: If there is no requirement to instruct, appellant's attack on voluntariness would be one of sufficiency of evidence to prove each element of the offense. Nonetheless, we have limited our review of the Court of Appeals' opinion to the question of whether the evidence raised the issue of absence of voluntary conduct.

4. The State submitted its brief to the Court of Appeals before *George* was decided, thus it did not cite *George.* The Court of Appeals delivered its opinion nearly six months after we handed down *George,* which the court did not mention. The State did cite *George* in its brief in support of a motion for rehearing, but the court was not persuaded. Since then, however, the Court of Appeals has questioned its holding in this case, because of our opinion in *George. See Pimentel v. State,* 710 S.W.2d 764, 773–74 (Tex.App.—San Antonio 1986).

5. Appellant contends that both cases were decided on the basis of the defendant's testimony, whereas the testimony under review here was an exculpatory statement brought forth by the State. Appellant then relies on the rule that when the State introduces an exculpatory statement by a defendant, the statement is regarded as true unless disproved. *Coleman v. State,* 643 S.W.2d 947, 951 (Tex.Cr.App.1982); *Palafox v. State,* 608 S.W.2d 177, 181 (Tex.Cr.App.1979).

In this argument, appellant attempts to revive his first ground of error raised in the Court of Appeals. In that ground he argued that the statement entitled him to an acquittal. Now he relies on the "exculpatory statement" rule in the context of his request for a charge on absence of voluntary conduct. However, the Court of Appeals correctly held that the rule did not apply because the evidence fit within one of the exceptions to the rule. *Joiner,* supra, at 70. Because the rule did not apply there, it does not apply here either.

conduct. *Id.* at 45; *Williams,* supra, at 644.

We hold that on the facts of this case a charge on absence of voluntary conduct was not required. As previously noted, appellant did not testify; thus, the only evidence that even remotely raised the issue was the bare statement, "It was an accident." There was no explanation of what the "it" was: the statement could have meant that appellant intentionally fired the revolver but did not intend to hit her; or, he intended to hit her but not kill her; or, the act of firing the revolver was unintentional. Even if the jury would have interpreted the statement in the way that was most favorable to the defense, the evidence was weaker than that in *George,* supra.

In any event, there was a voluntary act. As Justice Butts aptly stated in her dissenting opinion:

> "Even if we assume as true in this case the unintended but fatal discharge of the gun pointed unlawfully at the deceased, the fact remains the *intentional pointing of the weapon was a voluntary act* and the resulting death is imputable to the appellant, who carried the gun concealed on his person, who drew the gun, who pointed it at the deceased from two to three inches distance, and who shot her in the face. *There was no evidence of a scuffle, of the deceased's striking him or the gun, or of any other movement not willed by appellant.* This is clearly voluntary conduct as contemplated by the statute, [V.T. C.A., Penal Code Sec. 6.01(a)]. Appellant does not present a challenge to the other component of the offense: the culpable mental state." (emphasis added).

*Joiner,* supra, at 73.

We reject the Court of Appeals' conclusion that the bare statement, "It was an accident," sufficiently raised the issue of absence of voluntary conduct. The trial court properly refused the requested charge on absence of voluntary conduct. The State's ground for review is sustained.

The judgment of the Court of Appeals is reversed, and the judgment of conviction in the trial court is affirmed.

TEAGUE, J., dissents.