

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  |  |  |
|---|---|---|
| | § | |
| PATSY JOY PIERCE, | | No. 08-12-00150-CR |
| | § | |
| Appellant, | | Appeal from |
| | § | |
| v. | | 355th District Court |
| | § | |
| THE STATE OF TEXAS, | | of Hood County, Texas |
| | § | |
| Appellee. | | (TC # CR11911) |
| | § | |

## DISSENTING OPINION

I dissent. A careful review of the record establishes Appellant sufficiently raised the issue of sudden passion. *See Trevino v. State*, 100 S.W.3d 232, 238 (Tex.Crim.App. 2003) (a sudden passion instruction should be included in the charge if it is raised by the evidence, even if that evidence is weak, impeached, contradicted, or unbelievable). Sudden passion is defined as passion directly caused and arising out of provocation by the person killed or another acting with the person killed which passion arises at the time of the offense and is not solely the result of former provocation. TEX. PENAL CODE ANN. § 19.02(a)(2) (West 2011). Adequate cause is defined as cause that would commonly produce a degree of anger, rage, resentment, or terror in a person of ordinary temper, sufficient to render the mind incapable of cool reflection. *Id*. at § 19.02(a)(1). However, a "bare claim" of fear does not demonstrate sudden passion. *Daniels v. State*, 645 S.W.2d 459, 460 (Tex.Crim.App. 1983).

The recording of Appellant's 911 call clearly shows the passion or emotion Appellant was experiencing when she shot Mr. Pierce. During the 911 call, Appellant was crying and distraught. Appellant initially stated, "My husband killed my dog and he was going to kill me." She told the 911 operator that Mr. Pierce had verbally threatened to kill her. Appellant stated that she was afraid--she even refused to put the weapon down after shooting Mr. Pierce because she was afraid he would get one of the other guns in the home and kill her.

During Appellant's custodial interrogation with police, revealed that Mr. Pierce had threatened to hurt her before and that she was afraid all of the time. According to Appellant, Mr. Pierce had said that he killed the dog because he knew it would hurt her.

Appellant told police that the morning she shot Mr. Pierce, she made breakfast for Mr. Pierce and herself. Although the couple did not argue that morning, Appellant stated that Mr. Pierce continued to talk about the dog. Mr. Pierce then went outside for a while and when he came back inside, Appellant heard Mr. Pierce say that he was going to kill her.

As Mr. Pierce was coming up the stairs, Appellant got the gun from her purse and hurried into the bathroom. Appellant did not have time to close the bathroom door as Mr. Pierce came to the bathroom toward Appellant. Appellant was afraid. Appellant told Mr. Pierce to stay back, but when he did not stop, she shot Mr. Pierce one time. Appellant told police that she had to stop Mr. Pierce from getting ahold of her.

This evidence clearly establishes Appellant was undeniably scared when she heard her husband say that he was going to kill her and saw him coming towards her after she instructed him to stop. Although sudden passion is not raised by a bare claim of fear, the evidence showed that Mr. Pierce threatened to kill Appellant and came toward her while she was in the bathroom, Appellant did not have time to close the bathroom door, and that Appellant had to shoot

Mr. Pierce to stop him from getting ahold of her such that there was no reasonable opportunity for Appellant's passion to cool. Based on the record before us, I conclude Appellant raised the issue of sudden passion arising from adequate cause. Consequently, as result of the trial court's error in denying the sudden passion instruction, the Appellant was harmed as she faced a range of punishment that was five to ninety-nine years' imprisonment instead of two to twenty years' imprisonment. *See* TEX. PENAL CODE ANN. §§ 12.32(a), 12.33 (West 2011). Accordingly, I would sustain Appellant's sole issue on appeal, and reverse and remand this case for a new trial on punishment.

Respectfully, I dissent.

April 23, 2014

GUADALUPE RIVERA, Justice

Before McClure, C.J., Rivera, and Rodriguez, JJ.

(Do Not Publish)

3