**Shirley HUGHES, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. A14–83–250–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

May 10, 1984.

Tom Thurlow, withdrew as attorney, Vincent Musachia, substituted, Houston, for appellant.

J. Harvey Hudson, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and CANNON and DRAUGHN, JJ.

OPINION

DRAUGHN, Justice.

After a jury trial, appellant was found guilty of involuntary manslaughter and assessed a punishment of two years' imprisonment and a $2000.00 fine. In two grounds of error, appellant contends first, that the trial court submitted an erroneous charge on accident, and second, that the court erred in refusing to permit several witnesses to testify as to prior acts of violence by the victim, appellant's husband, toward appellant. We affirm the judgment of the trial court.

This case arises from appellant's unwitnessed killing of her husband, Anthony Hughes. Appellant testified that she and Mr. Hughes were wrestling over a gun and that "it just went off." Because of these circumstances, appellant requested and submitted a charge on the law of accident. The trial court refused that instruction, and issued instead the following instruction at the end of the charge:

> It is a defense to prosecution that an offense was committed by accident. A person commits an offense only if he voluntarily engages in conduct, including an act, an omission, or possession. Conduct is not rendered involuntary merely because the person did not intend the results of his conduct. Therefore, if you believe from the evidence beyond a reasonable doubt that the defendant, Shirley Hughes, on or about the 7th day of March, 1982, did intend to cause serious bodily injury and intentionally or knowingly committed an act clearly dangerous to human life that caused the death of an individual, but you further believe from the evidence, or have a reasonable doubt thereof, that the above specified act was accidental and was not the voluntary act or conduct of the defendant, you will acquit the defendant and say by your verdict not guilty.

Appellant now complains that this instruction was erroneous because it restricted the defense of accident to the offense of murder, thereby denying its application to the lesser offenses of voluntary manslaughter, involuntary manslaughter and criminally negligent homicide, with which appellant was also charged.

■ Although the defense of "accident" has had its place in Texas law, it has recently come into disfavor with the courts. *See Schoelman v. State*, 644 S.W.2d 727, 732 n. 16 (Tex.Crim.App.1983). *Compare Garcia v. State*, 605 S.W.2d 565 (Tex.Crim. App.1980). Indeed, the defense of "accident" does not exist in the present penal code. *Williams v. State*, 630 S.W.2d 640, 644 (Tex.Crim.App.1982); *Schoelman* at 732 n. 16. Instead, the jury may be charged that the defendant should be acquitted if there is a reasonable doubt as to the voluntariness of the conduct. *Williams* at 644. Consequently, the court's failure to give a charge on "accident" regarding the three lesser offenses was not error. We further note that an instruction on *voluntariness* would have been proper in this case in each of the four instances; however no such instruction was requested. The court could not have been expected to deduce from the requested charge on "accident" that appellant was, in fact, requesting an instruction on voluntariness. *See* Tex.Crim.Proc.Code Ann. §§ 36.14, 36.-15 (Vernon Supp.1984); *Garcia v. State*, 605 S.W.2d 565, 566–67 (Tex.Crim.App. 1980) (Douglas, J., dissenting).

■ We are then faced with the question of whether the court's erroneous instruction regarding "accident" necessitates reversal of the judgment. We believe it does not. The trial court submitted a charge adequate in all other respects. The charge properly outlined the elements of each offense, murder, voluntary manslaughter, involuntary manslaughter, and criminally negligent homicide, and delineated and defined the appropriate mental state for each. Although the judge erroneously concluded with the instruction on "accident," such instruction could only have benefitted appellant. Since the charge was correct in all other respects, and the claimed error inured to appellant's benefit, we find no basis in appellant's complaint. *See Torres v. State*, 493 S.W.2d 874, 875 (Tex.Crim.App.

1973). The first ground of error is overruled.

■ Appellant's second ground of error complains of the exclusion of testimony of several witnesses regarding past physical abuse of appellant by her husband. Appellant attempted to question the witnesses regarding these acts and statements, but was cut off each time by the State's hearsay objections, which objections were repeatedly sustained. Appellant made no bill of exceptions to show what the witnesses would have said. In order to complain of the exclusion of testimony, the record must indicate what that testimony would have been. *Rumbaugh v. State,* 629 S.W.2d 747, 754 (Tex.Crim.App.1982); *Crawford v. State,* 643 S.W.2d 178, 179 (Tex.App.—Tyler 1982, no pet.). Since no bill of exceptions was made, nothing is presented for review. Appellant's second ground of error is overruled.

The judgment is affirmed.