**Danny Lewis PENA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–86–296–CR.**

Court of Appeals of Texas,
Corpus Christi.

Feb. 19, 1987.

Edmund Cyganiewicz, Brownsville, for appellant.

Ben Euristi, Jr., Brownsville, for appellee.

Before NYE, C.J., and KENNEDY and DORSEY, J.J.

## OPINION

NYE, Chief Justice.

A jury found appellant guilty of assaulting a peace officer (aggravated assault) and assessed his punishment at thirteen years in the Texas Department of Corrections. Appellant raises two grounds of error on appeal, alleging that the trial court erred when it failed to instruct the jury (1) on the law of accident and voluntary conduct, and (2) on the use of excessive force by the arresting police officers. We affirm.

Around 2:30 a.m. one morning, Harlingen Police Officers Martinez, Sauceda, and Villarreal responded to a family disturbance call at appellant's home. When the police arrived, appellant was slapping his wife. Appellant cursed the officers at first, but then the officers succeeded in restoring order. Shortly thereafter, however, appellant began yelling and cursing at his wife. One of the officers told appellant to calm down or he would be arrested. Appellant refused to calm down and appellant was informed that he was under arrest. As Officer Sauceda tried to make the arrest, appellant, who was described as sweaty and shirtless, slipped away from the officers. Appellant said that he "was going to teach [the officers] a lesson" and he reached into a closet. Although the officers expected appellant to produce a deadly weapon, appellant instead grabbed two or three belts and began swinging at the officers. One of the belt buckles struck Officer Sauceda on the nose. That assault serves as the basis of this prosecution.

In his first ground of error appellant contends that the trial court erred in not instructing the jury on the defense of accident and voluntary conduct.[1] Appel-

---

1. There is no law on defense of accident in the present penal code, *Williams v. State*, 630 S.W.2d 640 (Tex.Crim.App.1982), but a person can be guilty of an offense only if he voluntarily engages in conduct, Tex. Penal Code Ann. § 6.01(a) (Vernon 1974), and therefore the "defense of accident" may properly call into question the voluntariness of an accused's conduct. *George v. State*, 681 S.W.2d 43 (Tex.Crim.App. 1984); *Cf. Crouch v. State*, 702 S.W.2d 660 (Tex. App.—Tyler 1985, no pet.). One Court of Appeals has held that a requested charge on "accident" did not put the trial court on notice that appellant was, in fact, requesting a charge on voluntariness. *Hughes v. State*, 681 S.W.2d 134 (Tex.App.—Houston [14th Dist.] 1984, pet. ref'd). In *Stone v. State*, 703 S.W.2d 652 (Tex. Crim.App.1986), however, the Court of Criminal Appeals noted that even an improperly requested charge may be sufficient to direct the trial court's attention to an inadequacy in the charge. In reviewing appellant's requested charge, even though labeled as a request for a charge on the defense of accident, appellant quotes verbatim Penal Code § 6.01(a), concerning voluntary conduct, and we therefore find that appellant's complaint on appeal concerning lack of a charge on voluntary conduct has been preserved for appellate review.

lant points to evidence in the record that during the struggle between appellant and the officers, both Officer Sauceda and appellant fell on the bed and hit a window in appellant's bedroom. He argues that Officer Sauceda's nose injury could have occurred by the fall and not by being struck in the face with a belt.

Even assuming appellant is correct that Officer Sauceda's nose was injured in the fall and contact with the window, we fail to see how that has any relevance to appellant's prosecution for striking Sauceda with a belt.

Second, again assuming that Officer Sauceda's nose was injured in the fall and contact with the window, appellant would not be entitled to a charge on "accident" or "voluntary conduct" because there is no evidence that appellant did not voluntarily engage in the conduct which injured the officer. *See Alvarado v. State,* 704 S.W.2d 36 (Tex.Crim.App.1985). Appellant's first ground of error is overruled.

In his second ground of error appellant contends that the trial court should have instructed the jury on "resisting arrest" and "use of excessive force." Tex. Penal Code Ann. § 9.31 (Vernon 1974) provides that the use of force to resist arrest is justified under certain circumstances. However, one requirement is that "before the actor offers any resistance, the peace officer (or person acting at his direction) uses or attempts to use greater force than necessary to make the arrest or search." There is no evidence in this case which would show that the officers used greater force than necessary to make the arrest before appellant offered resistance. Appellant therefore was not entitled to any defensive charge on use of greater force than necessary or resisting arrest. Appellant's second ground of error is overruled.

The judgment of the trial court is AFFIRMED.