TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00604-CR







Raymond Obregon, Appellant



v.



The State of Texas, Appellee







FROM THE COUNTY COURT AT LAW NO. 3 OF TRAVIS COUNTY


NO. 407-185, HONORABLE DAVID CRAIN, JUDGE PRESIDING 






 Appellant Raymond Obregon appeals from his conviction for resisting arrest. Tex.
Penal Code Ann. § 38.03 (West 1994). The trial court assessed punishment of imprisonment for
180 days, probated for one year, and a fine of $1,500.00. Appellant complains that the trial court
erred both in admitting evidence and in refusing to admit other evidence, and in refusing to give
requested jury instructions. Appellant also claims the trial court erred by violating its own motion
in limine order and in admitting evidence that placed appellant twice in jeopardy. We will affirm
the judgment.

 In his first point of error, appellant urges that the trial court erred in refusing to
grant his motion for mistrial after having admitted evidence of an extraneous offense. (1) The jury's
verdict was received on August 31, 1994 and the jury was discharged. On September 7, 1994 at the punishment and sentencing hearing, appellant moved for the mistrial on which he
relies in this point of error. The motion for mistrial, complaining of the evidence admitted before
the jury was made long after the jury's verdict was received and the jury discharged; it was
untimely and failed to preserve for appellate review the claimed error. Tex. R. App. P. 52 and
Tex. R. Crim. Evid. 103(a)(1)(2). Ethington v. State, 819 S.W.2d 854, 858 (Tex. Crim. App.
1991); Shelvin v. State, 884 S.W.2d 874, 876 (Tex. App.--Austin 1995, pet. ref'd); Lawson v.
State, 854 S.W.2d 234, 238-39 (Tex. App.--Austin 1993, pet. ref'd). Moreover, appellant
testified concerning the same matter about which he now complains, rendering any error harmless. 
Rogers v. State, 853 S.W.2d 29, 35 (Tex. Crim. App. 1993); McFarland v. State, 845 S.W.2d
824, 840 (Tex. Crim. App. 1992); Mayes v. State, 816 S.W.2d 79, 88 (Tex. Crim. App. 1991). 
Appellant's first point of error is overruled.

 In his second point of error, appellant urges that the trial court erred in disallowing
evidence to rebut erroneously admitted evidence of an extraneous offense. He argues that he was
not allowed to offer evidence to "meet, explain, contradict, and refute" evidence of an extraneous
offense that he says was erroneously admitted. We quote the portion of the record which
appellant designates as reflecting the error.



Defense Counsel: Did you assume that Mr. Obregon was guilty of the charge
that he was being arrested for?


Prosecutor: Objection to relevance. He was there to issue, or execute,
a warrant, not to try this person. And I object to the
relevance of asking the officer if he thought he was guilty. 
It's a legal conclusion.


Defense Counsel: Well, Your Honor, I believe that the county attorney has
asked about whether he engages in dialogue with people
who are charged with what Mr. Obregon is charged with. 
I think that it's a perfectly rational question.


The Court: I'll sustain the objection.



Appellant's trial objection, complaining of the Court's sustention of the State's objection, is not
the same as that argued on appeal. At trial, appellant did not urge that he wanted the officers'
answer to his question to "meet, explain, contradict, or refute" evidence of an extraneous offense. 
As we have pointed out in our disposition of the first point of error, appellant did not object to
the asserted extraneous offense evidence until seven days after the jury had returned its verdict
and had been discharged. Because appellant's complaint is different from his trial objection, no
error was preserved for review. A point of error must correspond to the trial objection. Fuller
v. State, 827 S.W.2d 919, 928 (Tex. Crim. App. 1992); Thomas v. State, 723 S.W.2d 696, 700
(Tex. Crim. App. 1986). Furthermore, appellant failed to preserve for review the asserted error
because he failed to obtain for his bill of exception and the record the officer's answer to his
question. Tex. R. App. P. 52; Tex. R. Crim. Evid. 103(a)(1)(2); Barnard v. State, 730 S.W.2d
703, 717-18 (Tex. Crim. App. 1987); Adams v. State, 577 S.W.2d 717, 720 (Tex. Crim. App.
1979).

 In his third point of error, appellant asserts that the trial court erred by violating
its own ruling on appellant's motion in limine by allowing additional evidence of the not guilty
disposition of the extraneous offense. Appellant did not make a timely objection to the admission
of the evidence he complains was erroneously admitted. He made an untimely motion for mistrial
after the jury's verdict was received. The granting of a motion in limine will not preserve error. 
Brazzell v. State, 481 S.W.2d 130, 131 (Tex. Crim. App. 1972). For error to be preserved even
though a motion in limine has been granted, it is absolutely necessary that an objection be made
when the evidence is offered. Wilkerson v. State, 881 S.W.2d 321, 326 (Tex. Crim. App. 1994);
Gonzales v. State, 685 S.W.2d 47, 50 (Tex. Crim. App. 1985). Nor will an untimely motion for
a mistrial preserve the error. Wilkerson, 881 S.W.2d at 326; Johnson v. State, 803 S.W.2d 272,
291 (Tex. Crim. App. 1990). A violation of an order granting a motion in limine may entitle a
party to relief, but any remedy available for such violation is for the trial court to impose. 
Brazzell, 481 S.W.2d at 131. A trial court's order granting or denying a motion in limine will
not preserve error; the trial court does not commit error by "violating" its own order on a motion
in limine. Appellant's third point of error is overruled.

 In his fourth point of error, appellant contends that the trial court erred "in
admitting evidence which put appellant twice in jeopardy for the extraneous offense." The offense
for which appellant was convicted is resisting arrest committed when officers were executing an
arrest warrant issued pursuant to a charge that appellant assaulted his wife. Appellant argues that
admission of evidence concerning the assault charge placed him twice in jeopardy because he had
been acquitted of the assault charge. The only cases appellant cites in this point of error are
Harrell v. State, 884 S.W.2d 154, 160 (Tex. Crim. App. 1994), and George v. State, 890 S.W.2d
73, 75 (Tex. Crim. App. 1994). Neither of these cases are concerned with jeopardy. Both cases
are concerned with the standard of proof for the admission of extraneous offenses.

 We quote the record on which appellant relies and other related portions of the
record. Testifying in his defense, appellant on direct examination testified:



Q. Did you know why they wanted to take you to jail?


A. No.


Q. Did you -- were you eventually told the essence of the charge?


A. Yes.


Q. Mr. Obregon, were you guilty of the assault charge?


A. No. No, I'm not guilty.


Q. Was that your determination or was that a determination made by a judge?


A. In this same court, this judge gave that decision.



CROSS-EXAMINATION



QUESTIONS BY PROSECUTOR:


Q. Mr. Obregon, I'm going to take you back to the first couple of questions you
were asked by defense attorney. You said you did not feel you were guilty
of that assault. Did your wife testify against you?


 DEFENSE COUNSEL: Objection, Your Honor. May we approach the
bench?


 THE COURT: Go ahead.


 (Off-the-record discussion at the bench.)


Q. (By prosecutor) Mr. Obregon, did your wife testify against you in that assault
trial?


A. Yes.


Q. Did she -- she did testify?


A. Not against me. She testified in the trial, but not against me.


Q. Okay.


 PROSECUTOR: Your Honor, I'd like the court to take judicial
notice of the clerk's file in that case that indicates
there was a spousal privilege claimed and directed
verdict was granted. It's on your bench up there,
I believe, Cause No. 402,107.


 MR. WILLIAMS: Your Honor, I object, primarily because it's
irrelevant. And secondly, the strategy that I
employ as an attorney is not relevant because the
strategy I use is to make my time most efficient.


 PROSECUTOR: I'm sorry. I'm a little bit lost. But, Your Honor,
I believe he opened the door when he asked the
question. And I believe he left a false impression
with the jury and they're entitled to know why it
was a directed verdict and what that means,
whether --


 THE COURT: Yes. I will take judicial notice of the file in the
case of the State of Texas vs. Raymond Obregon,
having to do with the assault with bodily injury that
occurred on August 29, 1993. And note that on
June 3, 1994, that the victim, alleged victim in the
case, invoked her spousal privilege and there's a
directed verdict of not guilty.


* * * * *




 Once a matter is injected into a proceeding, evidence to fully explain the matter is
relevant and admissible, even though the evidence might not otherwise be admissible. Parr v.
State, 557 S.W.2d 99, 102 (Tex. Crim. App. 1977); Hughes v. State, 850 S.W.2d 260, 263 (Tex.
App.--Fort Worth 1993, pet. ref'd); see also Patel v. State, 856 S.W.2d 486, 489 (Tex.
App.--Houston [1st Dist.] 1993, pet. ref'd). The optional completeness rule, long recognized in
this State, is embodied in the rules of criminal evidence. Tex. R. Crim. Evid. 107. After
appellant had testified he was not guilty of the assault charge and had been acquitted, it was
proper in this case to allow a showing of the circumstances of the acquittal. The cross-examination allowed by the court and the judicial notice taken by the court was proper under the
rule of optional completeness. We conclude appellant's jeopardy claim is without merit. 
Appellant's fourth point of error is overruled.

 In his fifth point of error, appellant asserts that the trial court erred in refusing to
instruct the jury on the statutory provisions of the penal code requiring that a person act
voluntarily. "A person commits an offense only if he voluntarily engages in conduct, including
an act, an omission, or possession." Tex. Penal Code Ann. § 6.01(a) (West 1994). Appellant's
request for the instruction on voluntariness was timely. Appellant directs our attention to the
testimony of Stephanie Adams, a nurse, who was appellant's next door neighbor. He urges that
the following testimony by Adams supports his request for the charge.



Well, at -- in any stressful situation, and a person with diabetes, the insulin that a
diabetic makes is decreased and the amount of -- and blood sugar is released from
your cell. It goes into your blood stream and it raises your blood sugar, which
causes problems from head to toe. It could cause -- it causes problems with
confusion; it causes heart problems. It affects circulation. Multiple systemic
problems. And that's in any human being it does that.


* * * * * 



And it's compounded and magnified when the person has diabetes.


* * * * *



Q. Did Mr. Obregon appear to have enormous amounts of energy while he was
reacting to the mistreatment?


A. I don't understand what you're asking.


Q. Did he appear to be, you know, say, very rambunctious, the way Rodney
King was, or was it more consistent with the behavior of an elderly old man?



A. I think that in the stressful situation that you were talking about, and you were
asking about earlier, you get that burst of energy. You get that rush of
epinephrine through your system. And that gives you -- that gives you
energy. That gives you energy to move, to try to comply, to try to get done
what you need to get done.


Q. In your professional opinion, is that voluntary energy?


A. No, it's not voluntary [energy] at all. It happens whether you want it to or
not.



 The Court of Criminal Appeals has held that the term "`voluntarily' as utilized in
section 6.01(a) means the absence of an accidental act, omission, or possession." Alford v. State,
866 S.W.2d 619, 624 (Tex. Crim. App. 1993); see also Hermosillo v. State, 903 S.W.2d 60, 69-70 (Tex. App.--Fort Worth 1995, pet. ref'd); Gerber v. State, 845 S.W.2d 460, 467 (Tex.
App.--Houston [1st Dist.] 1993, pet. ref'd); Pena v. State, 725 S.W.2d 505, 507 (Tex.
App.--Corpus Christi 1987, no pet.). Adams' testimony was that appellant had an involuntary
burst of energy, not that his acts were accidental. No evidence required the submission of
appellant's requested charge. Appellant's fifth point of error is overruled.

 The judgment is affirmed.



 

 Carl E. F. Dally, Justice

Before Justices Kidd, B. A. Smith and Dally*

Affirmed

Filed: January 17, 1996

Do Not Publish



* Before Carl E. F. Dally, Judge (retired), Court of Criminal Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1988).
1.   The extraneous offense about which appellant is complaining is evidence of an alleged
assault he committed on his wife. Appellant's conviction here is for resisting arrest on the
alleged assault charge.



at a person act
voluntarily. "A person commits an offense only if he voluntarily engages in conduct, including
an act, an omission, or possession." Tex. Penal Code Ann. § 6.01(a) (West 1994). Appellant's
request for the instruction on voluntariness was timely. Appellant directs our attention to the
testimony of Stephanie Adams, a nurse, who was appellant's next door neighbor. He urges that
the following testimony by Adams supports his request for the charge.