TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00704-CR







Dwain Curtis Burton, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT


NO. 44,136, HONORABLE RICK MORRIS, JUDGE PRESIDING







PER CURIAM


 A jury found appellant guilty of murder. Penal Code, 63d Leg., R.S., ch. 399,
sec. 1, § 19.02, 1973 Tex. Gen. Laws 883, 913, amended by Act of May 28, 1973, 63d Leg.,
R.S., ch. 426, art. 2, § 1, 1973 Tex. Gen. Laws 1122, 1123 (Tex. Penal Code Ann. § 19.02,
since amended). The jury assessed punishment, enhanced by a previous felony conviction, at
imprisonment for life.

 On the afternoon of February 7, 1994, appellant and several friends drove to
Perkins McKenzie's house in Killeen. Apparently, a piece of stereo equipment had been stolen
from appellant. Appellant believed that McKenzie was concealing the identity of the thief and
intended to take McKenzie's car radio. McKenzie came outside to talk to appellant in the yard. 
When appellant demanded that McKenzie give him his car radio, McKenzie refused. Appellant
pulled a pistol, then seized McKenzie by the lapel and struck him twice in the face with the
weapon. McKenzie continued to refuse appellant's demand for the radio. Appellant inserted a
clip in the pistol, chambered a bullet, and pointed the pistol at McKenzie's head. McKenzie said,
"If I have to die tonight may God forgive me for all of my sins." Appellant pushed McKenzie
away and shot him in the chest.

 In his first point of error, appellant contends the district court erred by refusing his
request for an instruction on accident. Appellant relies on this testimony adduced during cross-examination of Ronald Otterline, a friend of appellant who witnessed the shooting:


Q. Did they [other witnesses] say something about it?


A. Yes.


Q. What did they say, sir?


A. Their exact words, I don't know, but we just talked about what had just
happened.


Q. Did anybody say it was an accident?


A. Yeah.


Q. Who said that?


A. All of us. All of us.


Q. In other words, you said it was an accident, the Defendant said it was an
accident, Monica Ward said it was an accident and Gary Ward said it was
an accident; is that correct?[ (1)]


A. I wouldn't say an accident, but it wasn't intentional. It was just something
that happened. It happened right there.



 There is no defense of accident under the Texas Penal Code. Adanandus v. State,
866 S.W.2d 210, 229 (Tex. Crim. App. 1993); Williams v. State, 630 S.W.2d 640, 644 (Tex.
Crim. App. 1982). Accident is now encompassed by section 6.01(a), which provides that a
person commits an offense only if he voluntarily engages in conduct. Tex. Penal Code Ann. §
6.01(a) (West 1994). If the issue is raised by the evidence, the jury may be instructed to acquit
the defendant if there is a reasonable doubt whether he voluntarily engaged in the alleged criminal
conduct. Williams, 630 S.W.2d at 644.

 Since accident is not a defense, the court did not err by refusing appellant's request
"for an inclusion of the word or definition of the term `accident.'" Further, appellant was not
entitled to an instruction on absence of voluntary conduct. There is no evidence that appellant
pointed the pistol at McKenzie and pulled the trigger involuntarily. Testimony that appellant did
not intend to kill McKenzie and that the shooting was an accident did not raise an issue regarding
the voluntariness of appellant's conduct. Adanandus, 866 S.W.2d at 229-30. Point of error one
is overruled.

 Next, appellant asserts that he was entitled to an instruction on voluntary
manslaughter. In a prosecution for murder arising before September 1, 1994, a charge on
voluntary manslaughter is appropriate when there is evidence that the accused was acting under
the immediate influence of sudden passion arising from adequate cause. Penal Code, 63d Leg.,
R.S., ch. 399, sec. 1, § 19.03, 1973 Tex. Gen. Laws 883, 913, amended by Act of May 28,
1973, 63d Leg., R.S., ch. 426, art. 2, § 1, 1973 Tex. Gen. Laws 1122, 1124 (Tex. Penal Code
Ann. § 19.04(a), since amended). Citing testimony that he and McKenzie were arguing and
struggling, appellant argues that it is "conceivable" that he became so enraged during the
altercation that he "lost his ability for `cool reflections'" and shot McKenzie "in a fit of rage."

 To warrant an instruction on voluntary manslaughter, the "sudden passion" must
be directly caused and arise out of provocation by the deceased at the time of the offense. Sec.
19.04(b). If McKenzie engaged in any provocative behavior, and there is no evidence that he did,
it was solely in response to appellant's violent actions. Appellant armed himself, confronted
McKenzie, and demanded McKenzie's property. McKenzie's efforts to defend himself against
appellant's assault cannot constitute "adequate cause" from which sudden passion may arise for
the purpose of a voluntary manslaughter instruction. Adanandus, 866 S.W.2d at 231-32. The
district court did not err by refusing appellant's request for a voluntary manslaughter charge. 
Point of error two is overruled.

 In point of error four, appellant contends the evidence is legally insufficient to
sustain a conviction for murder because the State failed to prove that he intended to kill the
deceased. (2) Appellant appears to base this contention on the mistaken assumption that the evidence
raised a question whether appellant was guilty only of voluntary manslaughter. Even if there had
been evidence of sudden passion arising from an adequate cause, it would not have called into
question appellant's intent to kill. Under former section 19.04, voluntary manslaughter was an
intentional or knowing killing committed under the influence of sudden passion.

 Appellant also seems to argue under this point of error that the State failed to
disprove the alternative hypothesis that the killing was not intentional. The State had no such
burden. Geesa v. State, 820 S.W.2d 154 (Tex. Crim. App. 1991).

 In determining the legal sufficiency of the evidence to support a criminal
conviction, the question is whether, after viewing all the evidence in the light most favorable to
the verdict, any rational trier of fact could have found the essential elements of the offense beyond
a reasonable doubt. Jackson v. Virginia, 443 U.S. 307 (1979); Geesa, 820 S.W.2d at 154; Griffin
v. State, 614 S.W.2d 155 (Tex. Crim. App. 1981). The evidence in this cause easily passes this
test. With specific reference to the culpable mental state, there is ample evidence from which the
jury could infer that appellant intended to kill McKenzie or knew that his conduct was reasonably
certain to result in McKenzie's death. Point of error four is overruled.

 Finally, appellant urges that the district court reversibly erred by permitting one
of the persons who went to McKenzie's house with appellant, Monica Ward, to testify that she
"had a feeling something bad was going to happen and I wanted to go." Appellant objected at trial
that this was a conclusion "without any foundation, it's a pure conjecture." He now urges that
this was not proper lay opinion testimony under rule 701. Tex. R. Crim. Evid. 701.

 Appellant argues that Ward's statement bolstered the State's case by suggesting that
appellant went to McKenzie's house with the intent to harm him. He then contradicts this
argument by pointing out that the "something bad" Ward feared might have been an argument
rather than an act of violence. In any event, appellant's argument is that Ward's testimony was
more prejudicial than probative, a contention he did not make in the district court. See Tex. R.
Crim. Evid. 403.

 If Ward's explanation for why she accompanied appellant to McKenzie's house was
a lay opinion, and if that opinion was not admissible under rule 701, the error was harmless
beyond a reasonable doubt. Harris v. State, 790 S.W.2d 568, 587 (Tex. Crim. App. 1989); Tex.
R. App. P. 81(b)(2). Several witnesses to the shooting testified. All gave similar descriptions
of appellant's actions. The State's case would have been no less persuasive if the challenged
statement had been excluded. Point of error three is overruled.

 The judgment of conviction is affirmed.


Before Chief Justice Carroll, Justices Aboussie and Jones

Affirmed

Filed: September 13, 1995

Do Not Publish
1. Later, Monica Ward testified that appellant appeared to know exactly what he was doing and
that the shooting did not appear to be accidental.
2. Under the indictment and charge, the State was required to prove that appellant killed the
deceased intentionally or knowingly.



deceased at the time of the offense. Sec.
19.04(b). If McKenzie engaged in any provocative behavior, and there is no evidence that he did,
it was solely in response to appellant's violent actions. Appellant armed himself, confronted
McKenzie, and demanded McKenzie's property. McKenzie's efforts to defend himself against
appellant's assault cannot constitute "adequate cause" from which sudden passion may arise for
the purpose of a voluntary manslaughter instruction. Adanandus, 866 S.W.2d at 231-32. The
district court did not err by refusing appellant's request for a voluntary manslaughter charge. 
Point of error two is overruled.

 In point of error four, appellant contends the evidence is legally insufficient to
sustain a conviction for murder because the State failed to prove that he intended to kill the
deceased. (2) Appellant appears to base this contention on the mistaken assumption that the evidence
raised a question whether appellant was guilty only of voluntary manslaughter. Even if there had
been evidence of sudden passion arising from an adequate cause, it would not have called into
question appellant's intent to kill. Under former section 19.04, voluntary manslaughter was an
intentional or knowing killing committed under the influence of sudden passion.

 Appellant also seems to argue under this point of error that the State failed to
disprove the alternative hypothesis that the killing was not intentional. The State had no such
burden. Geesa v. State, 820 S.W.2d 154 (Tex. Crim. App. 1991).

 In determining the legal sufficiency of the evidence to support a criminal
conviction, the question is whether, after viewing all the evidence in the light most favorable to
the verdict, any rational trier of fact could have found the essential elements of the offense beyond
a reasonable doubt. Jackson v. Virginia, 443 U.S. 307 (1979); Geesa, 820 S.W.2d at 154; Griffin
v. State, 614 S.W.2d 155 (Tex. Crim. App. 1981). The evidence in this cause easily passes this
test. With specific reference to the culpable mental state, there is ample evidence from which the
jury could infer that appellant intended to kill McKenzie or knew that his conduct was reasonably
certain to result in McKenzie's death. Point of error four is overruled.

 Finally, appellant urges that the district court reversibly erred by permitting one
of the persons who went to McKenzie's house with appellant, Monica Ward, to testify that she
"had a feeling something bad was going to happen and I wanted to go." A