Opinion issued September 28, 2006








     








In The
Court of Appeals
For The
First District of Texas




NO. 01–05–00141–CR




CODY LEE OURSBOURN, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 351st District Court
Harris County, Texas
Trial Court Cause No. 969321



 
O P I N I ON

          Cody Lee Oursbourn, appellant, was charged by indictment with aggravated
robbery. Tex. Pen. Code Ann. § 29.03 (Vernon 2003). Appellant entered a plea of
not guilty. The jury found him guilty, found an enhancement paragraph to be true,
and assessed punishment at 75 years’ confinement.
          Appellant raises four points of error. In his first point of error, appellant
contends that the trial court erred in failing to file written findings of fact and
conclusions of law. In his second point of error, appellant contends that the trial
court erred in failing to provide jury instructions sua sponte on the law of
voluntariness of custodial confessions. In his third and fourth points of error,
appellant contends that the trial court abused its discretion in admitting appellant’s
custodial confession into evidence.
          We affirm.
Background
           On November 22, 2003, Frances Rapp, complainant, exited her car to go to a
club on Richmond Avenue. After she stepped out of the car, she was approached by
a gunman who instructed her to give him the keys to the car. Rapp complied, and the
gunman drove away. Rapp reported the robbery to the police and contacted On-Star,
which was able to track the car’s location.
          Later that night, On-Star notified the police of the location of the car. Sergeant
R. L. de los Santos went to the location and saw the car parked in an apartment
complex. A few minutes later, someone got into the car and left. Sergeant de los
Santos followed the car, and before he could activate his lights, the driver sped away. 
Sergeant de los Santos pursued the driver. Shortly afterwards, the driver stopped the
car and attempted to flee on foot. During the chase, the driver tripped and sustained
an injury to his head. The driver was identified as Cody Lee Oursbourn, appellant.
          The police took appellant into custody, and Officer Colleen Guidry met with
him on November 24, 2003 for an interrogation. At the time, appellant was in a neck
brace, and at one point complained of feeling pain in his head due to the injury. 
Officer Guidry notified appellant of his rights, and appellant indicated that he
understood them.
          Officer Guidry had earlier presented a photographic line-up to Rapp and
another witness. Although a photograph of appellant was included in the line-up,
neither witness identified appellant as the robber. Officer Guidry told appellant,
however, that he had been identified as the robber. After this, appellant admitted to
the robbery and stated facts that corroborated the version of events that Rapp had
given to the police.
          Appellant has been diagnosed with a bipolar disorder. Appellant’s mother
testified that on the day of the robbery and on the day that she picked appellant up
from the police, appellant had been exhibiting manic behavior and that this could
have affected the voluntariness of appellant’s confession.
          At trial, appellant raised a challenge to the voluntariness of his custodial
confession. The trial court held a hearing and overruled appellant’s motion to
suppress. The issue of the voluntariness of appellant’s confession was then raised
before the jury during the trial.
Findings of Fact and Conclusions of Law
          In his first point of error, appellant argues that the trial court erred in failing to
file written findings of fact and conclusions of law concerning the voluntariness of
his confession. After a hearing on the voluntariness of a custodial confession, the
trial court is required to file written findings of fact and conclusions of law. Tex.
Code Crim. Proc. Ann. art. 38.22 § 6 (Vernon 2005). On this Court’s own motion,
we abated the case and remanded it to the trial court to file written findings of fact
and conclusions of law. Pursuant to our order, the trial court entered the appropriate
findings and conclusions.
          Appellant’s first point of error is overruled as moot. Rocha v. State, 16 S.W.3d
1, 10 (Tex. Crim. App. 2000).
Admission of Custodial Confession
          In his third and fourth points of error, appellant argues that the trial court erred
in admitting his custodial confession into evidence. Specifically, appellant argues
that he had not voluntarily, knowingly, and intelligently waived his rights and that the
interrogating officer overbore his will to obtain the confession.
A.     Standard of Review
          We review the trial court’s ruling on a motion to suppress evidence for an
abuse of discretion. Villarreal v. State, 935 S.W.2d 134, 138 (Tex. Crim. App. 1996). 
“At the hearing on the motion, the trial court is the sole judge of the credibility of the
witnesses and the weight to be given their testimony.” Id. In reviewing the record,
we defer to the trial court’s determination of facts, particularly when the trial court’s
findings turn on an evaluation of the credibility and demeanor of the witnesses. 
Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). We apply the same
deference in reviewing the trial court’s rulings on mixed questions of law and fact if
they turn upon a similar credibility evaluation. Id. If a mixed question of law and
fact does not turn on a witness’s credibility and demeanor, however, we review the
trial court’s determination de novo. Id. 
B.      Analysis
          Under both points of error, appellant relies on federal cases analyzing
confession law under constitutional standards. See, e.g., Mincey v. Arizona, 437 U.S.
385, 397–98, 98 S. Ct. 2408, 2416 (1978); Henry v. Dees, 658 F.2d 406, 411 (5th Cir. 
1981).


 To challenge the voluntariness of a custodial confession under federal
constitutional law, there must be a showing of improper police conduct. Colorado
v. Connelly, 479 U.S. 157, 163–67, 107 S. Ct. 515, 519–22 (1986); Lane v. State, 933
S.W.2d 504, 511–12 (Tex. Crim. App. 1996).
          During the hearing, appellant argued that the confession was involuntary
because appellant has a bipolar disorder and was exhibiting symptoms of this disorder
during the videotaped confession. On appeal, appellant also argues that his
confession was involuntary because he was injured at the time and experiencing some
pain and because Officer Guidry falsely told him that he had been identified in a
photographic line-up by some witnesses.
          The State argues that appellant did not present any evidence of improper police
conduct during the hearing. The fact that Officer Guidry’s statement that appellant
had been identified by witnesses was false was not established until after the
videotaped confession had been admitted into evidence during the trial and published
to the jury.
 
          “The burden of proof at the hearing on admissibility is on the prosecution,
which must prove by a preponderance of the evidence that the defendant’s statement
was given voluntarily.” Alvarado v. State, 912 S.W.2d 199, 211 (Tex. Crim. App.
1995). During the hearing, Officer Guidry testified about her interrogation of
appellant. Her testimony was uncontroverted and no other evidence was presented
to suggest that there was any improper police conduct. The evidence, therefore,
supports the trial court’s findings that Officer Guidry informed appellant of his rights
and that she did not threaten him or offer him any inducements. Accordingly, the
State met its burden at the hearing, and the trial court acted in its discretion
concluding that appellant’s confession was voluntary and admissible.
          On appeal, appellant cites Officer Guidry’s admission that during the
interrogation she falsely told him that he had been identified in a photographic line-up
by some witnesses as proof of improper police conduct. However, this admission
only came after the videotape had been admitted into evidence at trial and had been
published to the jury. Appellant never re-urged his motion after this point and never
asked the court to consider this as improper police conduct for purposes of
suppression.
          We review the trial court’s ruling in light of what was before the trial court at
the time the ruling was made. Weatherred v. State, 15 S.W.3d 540, 542 (Tex. Crim.
App. 2000). Accordingly, the trial court did not abuse its discretion in admitting
appellant’s videotaped custodial confession into evidence.



          We overrule appellant’s third and fourth points of error.
Jury Charge
          In his second point of error, appellant argues that the trial court erred in failing
to provide jury instructions sua sponte on the law of voluntariness of custodial
confessions.
A.     Standard of Review
          The Court of Criminal Appeals has recently recognized a potential conflict in
the law regarding whether the trial court is required to include sua sponte a jury
instruction on the voluntariness of a custodial confession when the issue is raised by
the evidence. Perry v. State, 158 S.W.3d 438, 443 & n.1 (Tex. Crim. App. 2004).


 
One line of cases is represented by Mendoza v. State, 88 S.W.3d 236, 239 (Tex. Crim.
App. 2002).


 The other line of cases is represented by Thomas v. State, 723 S.W.2d
696, 707 (Tex. Crim. App. 1986).



          Under Mendoza, “[t]he trial court must instruct the jury to disregard illegally
obtained evidence if the defendant [1] raises a fact issue concerning the manner in
which the evidence was obtained and [2] requests the instruction.” Mendoza, 88
S.W.3d at 239. Without a request from the defendant, the trial court is not required
to include an instruction on voluntariness, and there is no error. See id. 
          Under Thomas, “where jury charge error is first raised on appeal, this Court
will consider the complaint, albeit under a more exacting harm analysis if error is
found . . . . Therefore, whether appellant properly preserved any asserted jury charge
error will only be relevant should we find that error actually occurred.” Thomas, 723
S.W.2d at 707. Under this standard, the trial court is required to include an
instruction on voluntariness, although the standard of review for harm is elevated if
the defendant does not also request an instruction. See id. 
 
          Both standards require the issue of voluntariness to be raised by the evidence.


 
Mendoza, 88 S.W.3d at 239; Thomas, 723 S.W.2d at 707. The distinction between
them is that one requires the defendant to request an instruction before error can be
found, and the other changes the standard of review for harm if the defendant does
not request an instruction. For reasons given below, we follow the Mendoza line of
cases based on our belief that such cases present the more appropriate standard for
appellate analysis. First, however, we must discuss two issues raised by the State.
          1.       State’s Arguments
          The State argues that we need not reach the issue of whether the trial court
should have sua sponte included a jury instruction on voluntariness because there was
no factual dispute “with respect to the manner in which the confession was obtained.” 
We disagree.
 
          We are asked to determine whether an instruction on voluntariness should have
been included in the charge to the jury—whether the jury should have been permitted
to decide whether the confession was voluntary. When the trial court is asked to
submit instructions on defensive issues, the standard is whether there is some
evidence to support a jury finding on that issue. Brown v. State, 955 S.W.2d 276, 279
(Tex. Crim. App. 1997). For defensive issues, instructions are required regardless of
whether the evidence raised “is strong, feeble, unimpeached, or contradicted, and
even if the trial court is of the opinion that the testimony is not entitled to belief.” Id.
(quoting Williams v. State, 630 S.W.2d 640, 643 (Tex. Crim. App. 1982)). The Court
of Criminal Appeals has recognized a challenge of the voluntariness of a confession
to be a defensive issue. Mendoza, 88 S.W.3d at 239. Accordingly, we only review
the record for some evidence of a factual dispute.
          Under that standard, there was evidence presented before the jury that appellant
was in pain, was lied to about the evidence against him, and displayed characteristics
of being in a vulnerable mental state due to his bipolar disorder. On the other hand,
there was also testimony that appellant was calm, able to understand the questions
asked of him and respond intelligently, and was not exhibiting signs of either severe
depression or mania during the interrogation. We hold that there was some evidence
to raise the issue of voluntariness and to create a factual dispute as to voluntariness.
          The State also argues that an instruction on voluntariness due to appellant’s
bipolar disorder would be an impermissible comment on the weight of the evidence. 
The State correctly asserts that an instruction focusing on illness as a factor would
constitute an impermissible comment on the weight of the evidence. Rocha, 16
S.W.3d at 21. However, we do not read appellant’s point of error so broadly. 
Appellant argues only that an instruction on the law of voluntariness should have
been included in the jury charge. This is permissible. Mendoza, 88 S.W.3d at 239. 
Appellant refers only to his bipolar disorder as a part of the fact issue that raised
voluntariness, not as to what should have been included in the instruction itself.
          2.       Standard for Instruction on Voluntariness
          There are three reasons that lead us to the conclusion that the Mendoza line of
cases should apply to considering issues of voluntariness instructions in the jury
charge. First, the Court of Criminal Appeals has expressed a preference for Mendoza. 
Second, the Court of Criminal Appeals has treated a challenge to the voluntariness
of a custodial confession as a defensive issue, which must be requested to be included
in the jury charge. Third, the language in article 38.22 of the Code of Criminal
Procedure supports a requirement of a request before error is found in the jury charge.
 
 
                    a.       Favorability of Mendoza
          Even in Perry, in which the Court of Criminal Appeals raised the issue of a
potential conflict between Mendoza and Thomas, the court indicated a preference for
Mendoza. Perry, 158 S.W.3d at 443. In Perry, the court first stated the Mendoza
standard as the correct form of analysis and then cited Thomas as a possible conflict
to this standard. Id. This preference is supported by the case law.
          As an initial matter, it is important to note that the Mendoza line of cases has
been consistently applied to issues of voluntariness instructions in the jury charge. 
See, e.g., Perry, 158 S.W.3d at 443 (considering whether there were disputed facts
relevant to voluntariness of oral statement); Mendoza, 88 S.W.3d at 238 (considering
whether proposed instructions applying law on voluntariness to facts of case were
properly excluded); Muniz v. State, 851 S.W.2d 238, 254 (Tex. Crim. App. 1993)
(considering whether “the trial court erred in refusing to submit to the jury a question
about whether he had confessed voluntarily or only as the result of coercion and/or
promises”).
          On the other hand, it appears that the Thomas line of cases has never been
applied to issues of voluntariness. See, e.g., Pickens v. State, 165 S.W.3d 675, 680
(Tex. Crim. App. 2005) (considering trial court’s failure to sua sponte include
instruction on disregarding evidence unless jury found search of car to be legal);
Thomas, 723 S.W.2d at 706 (considering whether trial court erred in refusing to
instruct jury to consider whether request for counsel constituted a refusal to provide
breath sample); Almanza v. State, 686 S.W.2d 157, 159 (Tex. Crim. App. 1985)
(considering standard of review for error in jury charge when aggravation feature was
disjoined from rape).
          The confusion over the applicability of Thomas apparently stems from two
circumstances. First, both lines of cases analyze error in the jury charge under Code
of Criminal Procedure article 38.23. Tex. Code Crim. Proc. Ann. art. 38.23
(Vernon 2005); Mendoza, 88 S.W.3d at 239; Thomas, 723 S.W.2d at 707. Cases
involving issues of error in the jury charge are commonly analyzed under article
38.23 using the Thomas/Almanza standard of review. Analyzing the Mendoza line
of cases under article 38.23, but using a different standard of review, has allowed for
confusion over a conflict in the law.
          Second, when the Court stated the standard of review in Mendoza, it cited
Thomas as authority. Mendoza, 88 S.W.3d at 239. Although Muniz was cited, it was
not cited for that point of law. Id. This conflated the two separate lines of cases into
one, and the current confusion resulted. However, the Court of Criminal Appeals has
continued to indicate its preference for Mendoza in voluntariness cases. Perry, 158
S.W.3d at 443.
                    b.       Voluntariness as a Defensive Issue
          In the Mendoza line of cases, the Court of Criminal Appeals has treated a
challenge to the voluntariness of a confession as a defensive theory. See, e.g.,
Mendoza, 88 S.W.3d at 239; Muniz, 851 S.W.2d at 254. To be included in the jury
charge, a defensive issue must be formally requested. Tex. Code Crim. Proc. Ann.
art. 36.14 (Vernon Supp. 2005); Posey v. State, 966 S.W.2d 57, 60–61 (Tex. Crim.
App. 1998). Without a formal request, there is no error in the jury charge and
Almanza does not apply. Id. at 61.
                    c.       Language of Article 38.22, Section 6, of the Code of Criminal
Procedure

          Article 36.14 of the Code of Criminal Procedure requires a party to make
specific objections to the charge. Tex. Code Crim. Proc. Ann. art. 36.14. Without
this objection, there is no error in the charge. Posey, 966 S.W.2d at 61. Article 38.22
section 6 requires a trial court to include an instruction on voluntariness in the charge. 
Tex. Code Crim. Proc. Ann. art. 38.22, § 6 (Vernon 2005). However, this
requirement does not take effect until the defendant submits to the jury evidence that
would raise a fact issue about voluntariness. Id. Because the trial court’s obligation
does not arise until the defendant meets his obligation, it is appropriate to require the
defendant to bring to the trial court’s attention that his obligations have been met. 
Otherwise, there is no error. See Posey, 966 S.W.2d at 61.
B.      Analysis
          The record reflects that appellant did not object to the jury charge or in any way
call to the attention of the trial court that he had adequately raised the issue of
voluntariness before the jury. Accordingly, we find no error in the charge. Mendoza,
88 S.W.3d at 239.
          We overrule appellant’s second point of error.
Conclusion
          We affirm the judgment of the trial court.
 
                                                                        Laura Carter Higley
                                                                        Justice

Panel consists of Justices Jennings, Hanks, and Higley.

Justice Jennings, dissenting.

Publish. See Tex. R. App. P. 47.2(b).