NO. 07-02-0021-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JANUARY 29, 2003

_____

CEDRIC JEROME HENRY, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE CRIMINAL DISTRICT COURT OF JEFFERSON COUNTY;

NO. 82275; HONORABLE CHARLES D. CARVER, JUDGE

_____

Before JOHNSON, C.J., and QUINN and REAVIS, JJ.

**MEMORANDUM OPINION**[1]

Upon a plea of not guilty, appellant Cedric Jerome Henry was convicted by a jury of

murder and punishment was assessed at life imprisonment and a $10,000 fine.  By a single

_____

[1]Tex. R. App. P. 47.1.

point of error, he claims the trial court erred in failing to properly charge the jury on the law of accident. Based upon the rationale expressed herein, we affirm.

Appellant was a passenger in a borrowed vehicle in Beaumont, Texas when he shot the victim after a confrontation about money. The vehicle was found abandoned a short time later with a bullet hole in the window through which the victim had been shot. An empty cigar pack with appellant's fingerprints was recovered from the vehicle. Appellant was positively identified as the shooter by a witness to the incident. In addition, he was identified as the shooter by his co-defendant, the driver of the vehicle. The State called two other witnesses who testified appellant made admissions to them about the shooting. When he took the stand in his own defense, he explained he had been in the car earlier in the day, but denied being at the scene, possessing a gun, or ever shooting anyone.

By his single point of error, appellant asserts the trial court erred in failing to properly charge the jury on the law of accident because one witness testified appellant told her after the murder that "the car jerked and the gun went off." He argues this presented the court with some evidence of accident and, therefore, he was entitled to a jury charge on the law of accident. We disagree. Our review of a charge error claim is governed on appeal by the two step approach announced in Almanza v. State, 686 S.W.2d 157 (Tex.Cr.App.1985) (op'n on reh'g). First, an appellate court must determine whether error exists in the jury charge. Hutch v. State, 922 S.W.2d 166, 170 (Tex.Cr.App. 1996) (en banc). Second, the appellate court must determine whether sufficient harm was caused by the error to require

2

reversal. *Id.* at 170-71 (citing Arline v. State, 721 S.W.2d 348, 351 (Tex.Cr.App. 1986). Unpreserved error requires egregious harm to warrant reversal, whereas for preserved error, any harm will suffice. *Id.* When conducting a harm analysis the reviewing court may consider the following four factors: 1) the charge itself; 2) the state of the evidence including contested issues and the weight of the probative evidence; 3) arguments of counsel; and 4) any other relevant information revealed by the record of the trial as a whole. *Id.*

Appellant requested the jury be charged on the law of accident, which was denied by the trial court. Without citing or referencing any authority, appellant contends that the trial court erred in declining to submit an instruction that

> Our law provides no act done by accident is an offense. Therefore, if you believe that the defendant committed the act alleged but you further believe that such act was caused by accident, or if you have a reasonable doubt thereof, you shall find the defendant not guilty.

The current penal code does not recognize the defense of accident. However, the former defense is now within the requirement of section 6.01(a), that "a person commits an offense only if he voluntarily engages in conduct, including an act, an omission, or possession." TEX. PEN. CODE ANN. § 6.01 (Vernon 1994); Williams v. State, 630 S.W.2d 640, 644 (Tex.Cr.App.1982). Because there is no defense of accident in the present penal code, the trial court did not err in declining to submit the instruction.

Moreover, appellant argues that because one witness testified he told her after the murder that "the car jerked and the gun went off" that such evidence raised the issue of

voluntariness, and he was therefore entitled to the requested instruction. However, although Brown v. State, 955 S.W.2d 276, 279 (Tex.Cr.App. 1997), held that defendant was entitled to an instruction regarding an involuntary act, unlike appellant's testimony here, the defendant testified at trial that the handgun in his possession accidentally discharged after he was bumped from behind and his testimony was corroborated by another witness. Also, in Butler v. State, 981 S.W.2d 849, 856 (Tex.App.--Houston, [1st Dist.] 1998, pet. ref'd), the court held that the trial court should have submitted an instruction on the voluntariness of appellant's conduct; however, there too, the defendant testified that the shotgun fired during a struggle for possession of the shotgun. Further, conduct is not rendered involuntary merely because an accused does not intend the result of his conduct. George v. State, 681 S.W.2d 43, 45 (Tex.Cr.App. 1984). These cases do not authorize an instruction as to voluntariness where, as here, appellant testified that he was not in the car at the time of the shooting and never possessed a pistol which was contrary to the testimony of his co-defendant. *See also* Joiner v. State, 727 S.W.2d 534, 537 (Tex.Cr.App. 1987) (holding that testimony that the defendant stated "it was an accident" after he shot the victim did not raise the issue of the voluntariness of his conduct.) Appellant's sole point of error is overruled.

Accordingly, the judgment of the trial court is affirmed.


Don H. Reavis
Justice

Do not publish.

4