Opinion issued October 21, 2004











In The
Court of Appeals
For The
First District of Texas




NO. 01-03-00850-CR




DONNIE DIAMOND RODGERS, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 185th District Court
Harris County, Texas
Trial Court Cause No. 895549




MEMORANDUM OPINION
          Appellant, Donnie Diamond Rodgers, pleaded not guilty to the offense of
murder. A jury found appellant guilty of the lesser included offense of manslaughter
and assessed punishment at 15 years in prison. In one point of error, appellant
complains that the trial court erred by denying his request for a jury instruction on
voluntary conduct. We affirm.
BACKGROUND
          On November 24, 2001, appellant was admitted to Memorial Herman Hospital
after his jaw was broken by the complainant, Ben Cooper. Appellant’s jaw was wired
shut. On December 3, 2001, approximately one week after Cooper broke appellant’s
jaw, appellant saw Cooper and Kemuel Fosdick in the parking lot of the Knight’s
Landing Apartments. Cooper and Fosdick were attempting to repair the automatic
windows on a car. Appellant got a pistol from his apartment, approached the car, and
shot Cooper in the back of his head, killing him. 
          Appellant testified that he had armed himself with a pistol before approaching
Cooper and Fosdick because he believed that Cooper might be armed. Appellant
stated that he drew his pistol only after Cooper tried to punch his broken jaw and that
the pistol just “went off” without his pulling the trigger or intending to shoot Cooper. 
 Under cross-examination, appellant admitted that Cooper was shot in the back of his
head while his back was to appellant. Fosdick testified that Cooper had his back to
appellant when appellant, without warning or provocation, shot Cooper in the back
of the head. Under cross-examination, Fosdick stated that he did not recall having
previously said that Cooper had “grabbed at the gun.” The medical examiner, who
preformed the autopsy on Cooper’s body, found that the bullet entered the back of
Cooper’s neck and exited through his forehead. 
          For impeachment purposes, appellant called Houston Police Sergeant Boyd
Smith (“Officer Smith”) to testify about prior inconsistent statements made by
Fosdick. Appellant’s counsel had Officer Smith read aloud the following from a
written statement Fosdick had signed on the day of the incident: “When Ben saw that
Donnie was pointing a gun at him, he reached out and grabbed at the gun.” Fosdick’s
written statement was not offered into evidence, and it is not part of the record on
appeal; however, Officer Smith did verify that the sentence he read was a verbatim
oral statement that Fosdick had made to him. 
          Appellant sought a jury instruction on voluntary conduct and read into the
record the following requested instruction:
          You are instructed that a person commits an offense
only if he voluntarily engages in conduct, including an act,
omission or possession. A person does not commit an
offense unless he intentionally and knowingly engages in
conduct as the definition of the offense requires. Conduct
is not rendered involuntary merely because a person did
not intend the results of his conduct.
          Now, if you believe from the evidence beyond a
reasonable doubt that on the occasion in question, the
defendant did cause the death of Ben Cooper by shooting
Ben Cooper with a deadly weapon; namely, a firearm, but
you further believe from the evidence or you have
reasonable doubt thereof that the shooting was a result of
an accidental discharge of the firearm and not a voluntary
act or conduct of the defendant, you will acquit the
defendant and say by your verdict: Not guilty.
 
The trial court denied the requested instruction. 
DISCUSSION
                              Appellant asserts that the trial court erred in denying his requested jury
instruction on voluntary conduct. Appellant argues that the issue of voluntariness
was raised through his own testimony about how his pistol unintentionally “went off”
and the testimony of Officer Smith about Fosdick’s prior statement that, at some
point, Cooper “reached out and grabbed at the gun.”
                              A person commits an offense only if he voluntarily engages in conduct,
including an act, an omission, or possession. Tex. Pen. Code Ann. § 6.01(a)
(Vernon 2003). Voluntariness, within the meaning of section 6.01(a), refers only to
one’s physical bodily movements. Alford v. State, 866 S.W.2d 619, 624 (Tex. Crim.
App. 1993). Conduct is not rendered involuntary merely because the defendant does
not intend the result of his conduct. George v. State, 681 S.W.2d 43, 45 (Tex. Crim.
App. 1984). Any evidence raised and admitted at trial—regardless of its substantive
character—that raises a defensive theory to the charged offense, requires a jury
charge thereon. Brown v. State, 955 S.W.2d 276, 279 (Tex. Crim. App. 1997). 
However, when a defendant’s conduct includes a bodily movement sufficient to
discharge a bullet, unless there is more, such as precipitation by another individual,
“a jury need not be charged on the matter of whether the accused voluntarily engaged
in the conduct with which he is charged.” Id. (citing George v. State, 681 S.W.2d 43, 
47 (Tex. Crim. App. 1984)). 
                              Appellant’s bare assertion that the firing of the pistol was accidental does not
raise the issue of voluntariness. An accused’s testimony that a weapon “accidentally
went off” or that he “didn’t intend to shoot but that it was an accident,” does not raise
the issue of the voluntariness of his conduct. Gerber v. State, 845 S.W.2d 460, 467
(Tex. App.—Houston [1st Dist.] 1993, pet. ref’d); see also Joiner v. State, 727
S.W.2d 534, 536 (Tex. Crim. App. 1987) (holding that request for instruction on
voluntariness was properly denied because bare assertions of lack of intent and
accidental discharge do not raise issue of absence of voluntary conduct). 
                              To be entitled to an instruction on involuntary conduct there must be “evidence
of an independent event, such as the conduct of a third party, which could have
precipitated the discharge of the bullet.” Brown v. State, 906 S.W.2d 565, 568 (Tex.
App.—Houston [14th Dist.] 1995), aff’d, 955 S.W.2d 276 (Tex. Crim. App. 1997). 
The statement Officer Smith testified to does not raise the issue of voluntariness
because the statement is not evidence that any action by Cooper could have
precipitated the firing of appellant’s pistol.


 There is no evidence that Cooper ever
touched the pistol or caused it to fire. 
                              We hold that the trial court did not err in denying appellant’s request for an
instruction on voluntary conduct. We overrule appellant’s sole point of error.
                                                                         CONCLUSION
                              We affirm the judgment of the trial court. 
 
                                                                                  Sam Nuchia
                                                                                  Justice
 
Panel consists of Justices Nuchia, Higley, and Hanks.
Do not publish. Tex. R. App. P. 47.2(b).