NO. 07-03-0460-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



JULY 11, 2005


______________________________



JOHNNY REYES, JR., 



 Appellant


v.



THE STATE OF TEXAS, 



 Appellee

_________________________________



FROM THE 242ND DISTRICT COURT OF HALE COUNTY;



NO. A15099-0308; HON. ED SELF, PRESIDING


_______________________________



Memorandum Opinion


_______________________________



Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

 Appellant Johnny Reyes, Jr. appeals his conviction for theft. Through four issues,
he contends that 1) he did not knowingly and intelligently waive his right of appeal, 2) the
jury was improperly instructed, 3) he received ineffective assistance of counsel, and 4) the
evidence was legally and factually insufficient to sustain his conviction. We dismiss the
appeal.

 The certification of right to appeal signed by the trial court states that appellant
"waived the right to appeal." Given this, we are obligated to dismiss the cause unless the
record before us illustrates that the certification is defective. Dears v. State, 154 S.W.3d
610, 613-14 (Tex. Crim. App. 2005). It does not.

 After being found guilty of theft, appellant waived his request to have the jury assess
punishment. Instead, he wanted the trial court to determine his sentence. Furthermore,
both the State and appellant agreed to propose a sentence to the court as part of an
agreement. Through the latter, appellant would accept a term of confinement for two years
in a state jail facility. In return, the State would dismiss a particular misdemeanor charge
pending against him and forego prosecution for various other acts performed by appellant. 
Questions posed to appellant by both his counsel and the State revealed that he
understood and accepted the terms of the bargain. Thereafter, the trial court inquired
about whether he also understood that as part of the agreement appellant would also
provide restitution of $4000 and "waive . . . any right to appeal that [appellant] has." Further
questioning of appellant by his attorney about these two matters illustrated that he 
understood and agreed to them as well. Given this response, the trial court sentenced
appellant in accordance with the terms discussed. 

 The Court of Criminal Appeals has held that a defendant may legitimately waive his
right to appeal when the defendant knows of the potential sentence to be assessed before
executing the waiver. Monreal v. State, 99 S.W.3d 615, 618 (Tex. Crim. App. 2003);
Blanco v. State, 18 S.W.3d 218, 219-20 (Tex. Crim. App. 2000). And, before us is
evidence illustrating that appellant knew of the sentence to which he was exposed when
he agreed to waive his right to appeal. So, because the record illustrates that the waiver
was and is valid under Monreal and Blanco, the trial court's certification is not defective. 
Thus, we must dismiss this cause given that appellant relinquished his right to appeal, as
evinced by the court's certification. (1) 

 The appeal is dismissed pursuant to Texas Rule of Appellate Procedure 25.2.


 Brian Quinn

 Chief Justice

Do not publish.
1. Again, appellant attacks the validity of the waiver through his first issue. Yet, the same evidence
used to show that the certificate of appeal was not defective also provides ample basis upon which the trial
court could have reasonably found the waiver to be knowing, intelligent, and voluntary. So by dismissing the
appeal we also overrule appellant's first issue.



ty, appellant contends that the
trial court erred in declining to submit an instruction that

 Our law provides no act done by accident is an offense. Therefore, if
you believe that the defendant committed the act alleged but you further
believe that such act was caused by accident, or if you have a reasonable
doubt thereof, you shall find the defendant not guilty.


 The current penal code does not recognize the defense of accident. However, the former
defense is now within the requirement of section 6.01(a), that "a person commits an offense
only if he voluntarily engages in conduct, including an act, an omission, or possession." 
Tex. Pen. Code Ann. § 6.01 (Vernon 1994); Williams v. State, 630 S.W.2d 640, 644
(Tex.Cr.App.1982). Because there is no defense of accident in the present penal code, the
trial court did not err in declining to submit the instruction.

 Moreover, appellant argues that because one witness testified he told her after the
murder that "the car jerked and the gun went off" that such evidence raised the issue of
voluntariness, and he was therefore entitled to the requested instruction. However,
although Brown v. State, 955 S.W.2d 276, 279 (Tex.Cr.App. 1997), held that defendant 
was entitled to an instruction regarding an involuntary act, unlike appellant's testimony here,
the defendant testified at trial that the handgun in his possession accidentally discharged
after he was bumped from behind and his testimony was corroborated by another witness. 
Also, in Butler v. State, 981 S.W.2d 849, 856 (Tex.App.--Houston, [1st Dist.] 1998, pet.
ref'd), the court held that the trial court should have submitted an instruction on the
voluntariness of appellant's conduct; however, there too, the defendant testified that the
shotgun fired during a struggle for possession of the shotgun. Further, conduct is not
rendered involuntary merely because an accused does not intend the result of his conduct. 
George v. State, 681 S.W.2d 43, 45 (Tex.Cr.App. 1984). These cases do not authorize an
instruction as to voluntariness where, as here, appellant testified that he was not in the car
at the time of the shooting and never possessed a pistol which was contrary to the
testimony of his co-defendant. See also Joiner v. State, 727 S.W.2d 534, 537 (Tex.Cr.App.
1987) (holding that testimony that the defendant stated "it was an accident" after he shot
the victim did not raise the issue of the voluntariness of his conduct.) Appellant's sole point
of error is overruled.

 Accordingly, the judgment of the trial court is affirmed. 



 Don H. Reavis

 Justice


Do not publish.
1. Tex. R. App. P. 47.1.